CITY OF BARBERTON, APPELLEE, *v.* O'CONNOR, APPELLANT.

[Cite as Barberton *v.* O'Connor (1985), 17 Ohio St. 3d 218.]

(No. 84-1033—Decided June 5, 1985.)

*James A. Merlitti,* assistant prosecuting attorney, for appellees.
*Cole Co., L.P.A.,* and *Mark H. Ludwig,* for appellant.

DOUGLAS, J. The issue presented in this case is whether an Ohio Uniform Traffic Ticket properly charges the defendant with an offense when it describes the nature of the offense as "DWI" and makes reference to the ordinance that gives rise to the citation, but when it does not indicate the substance that caused the defendant to be intoxicated.

On January 23, 1983, appellant was charged with "DWI in violation of Sec. No. 333.01 Cod. Ord. of Barberton." At that time Sec. No. 333.01 read[1]:

"DRIVING OR PHYSICAL CONTROL WHILE UNDER THE INFLUENCE; EVIDENCE.

"(a)  No person who is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse, shall operate any vehicle within the Municipality. (ORC 4511.19)

"(b)  No person who is under the influence of alcohol or any drug of abuse, or the combined influence of any drug of abuse, shall be in actual physical control of any vehicle within the Municipality. * * *"

On May 30, 1983, appellant was charged with "DWI in violation of Sec. No. 333.01A Cod. Ord. of Barberton." At that time Sec. No. 333.01 read:

"DRIVING OR PHYSICAL CONTROL WHILE UNDER THE INFLUENCE; EVIDENCE.

"(a)  *Operation Under Influence.* No person shall operate any vehicle within the Municipality if any of the following applies:

"(1)  The person is under the influence of alcohol or any drug or [*sic*] abuse, or the combined influence of alcohol and any drug of abuse;

"(2)  The person has a concentration of ten-hundredths of one percent or more by weight of alcohol in his or her blood;

"(3)  The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per 210 liters of his or her breath; or

---

[1] Despite the fact that this case turns on an application of Barberton Codified Ordinance Sec. No. 333.01 and 333.01(a), neither party provided this court with a copy of these provisions. Therefore, pursuant to Crim. R. 57(B) and Civ. R. 44.1(A)(2), this court attempted to locate these provisions in various law libraries, including this court's library. When that search failed to produce the provisions in question, this court contacted the assistant prosecutor handling this case (pursuant to Crim. R. 57[B] and Civ. R. 44.1[A][2]) and requested him to: (1) provide to this court copies of the provisions as they were in effect on January 23, 1983 and May 30, 1983; and (2) to certify to this court that he served a copy of the requested *ex parte* communication on opposing counsel. The assistant prosecutor complied with these requests and instructions.

While this court "may" take judicial notice of a municipal ordinance within the state of Ohio, pursuant to Civ. R. 44.1(A)(2), it was not required to do so in this case.

"(4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per 100 milliliters of his or her urine. * * *"

Appellant contends that the January 23, 1983 ticket did not advise him whether he had been charged with driving under the influence of alcohol, drugs, or both, and/or being in physical control of a vehicle while under the influence of alcohol, drugs or both. Appellant claims the ticket was so vague that it failed to charge him with an offense as required by Traf. R. 3(C).

Appellant contends that the May 30, 1983 ticket did not advise him whether he had been charged with driving under the influence of alcohol, drugs, or both. Again, appellant claims that the ticket was so vague that it failed to charge him with an offense as required by Traf. R. 3(C).

The purpose of the Ohio Traffic Rules is, in large part, to ensure *"simplicity* and uniformity *in procedure* * * *."* (Emphasis added.) Traf. R. 1(B). Simplicity in procedure does not mean unfairness in procedure, or indifference to the rights of the prosecution or the defense. It means that traffic court procedure is not controlled by the stricter, more elaborate rules that govern procedures in more serious cases. Cf. *Youngstown* v. *Starks* (1982), 4 Ohio App. 3d 269, 271. Therefore, a complaint prepared pursuant to Traf. R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand. *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215, 219 [9 O.O.3d 368].

Given the facts in this case, we find it inconceivable that appellant did not know he had been charged with driving while intoxicated by alcohol. A copy of an Alcohol Influence Report Form was filed with each ticket. Given appellant's familiarity with the traffic court system, he should have immediately understood the significance of those reports. If he did not immediately understand, his lawyer should have immediately understood. If neither of them understood, they should have made some reasonable attempt to understand. They made no such attempt.

If appellant did not understand exactly what he had been charged with, he could have informally asked the prosecutor to amend the complaint so as to charge a more specific offense. As a practical matter, there is a possibility the prosecutor would have complied with appellant's informal request. If he would have refused to comply, appellant could have requested that the prosecutor furnish him "with a bill of particulars setting up specifically the nature of the offense charged and * * * the conduct of defendant alleged to constitute the offense." Crim. R. 7(E). This would have required the prosecutor to correct any prejudicial defects in the complaint.

Appellant never attempted to have any defects in the complaint corrected. Instead, he pled "no contest" to the charges set forth in the two

complaints. Then, after he was convicted and sentenced, he claimed *for the first time* that he had not been properly charged with an offense.

We find appellant's contentions unpersuasive and hold that a Uniform Traffic Ticket properly charges the defendant with an offense when it describes the nature of the offense as "DWI" and makes reference to the ordinance that gives rise to the offense, even if it does not indicate the substance that caused the defendant to be intoxicated. A Uniform Traffic Ticket effectively charges an offense even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged. Such inquiry should be made before trial by filing a request for a bill of particulars.

For the foregong reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.