The STATE of Ohio, Appellee,

v.

BAILEY, Appellant.

[Cite as *State v. Bailey* (1989), 64 Ohio App.3d 611.]

Court of Appeals of Ohio,
Medina County.

No. 1794.

Decided Sept. 27, 1989.

---

*Page C. Schrock III, Village Prosecutor,* for appellee.

*L. Ray Jones,* for appellant.

CACIOPPO, Presiding Judge.

James Bailey was returning to his home in the early morning hours. At the intersection of State Route 3 and Greenwich Road, Bailey stopped at the direction of a police officer who was directing traffic. The officer's cruiser was parked in the lane of traffic in which Bailey was proceeding. The cruiser had its lights on and the emergency lights flashing.

Testimony at trial established that this situation at the intersection was normal when the local fire and rescue department was engaged in activity. The fire department is located at that intersection and the local police officers assist in traffic control, to aid the ingress and egress of emergency vehicles.

The testimony also established that the police officer directed Bailey to proceed through the intersection. Bailey testified that his driveway is located within several hundred feet of the fire department. Bailey proceeded through the intersection and turned left into his driveway.

A pickup truck, that was proceeding in the same direction as Bailey, crossed the center line of the road and attempted to pass Bailey. The truck struck Bailey's vehicle. The damage to the truck was limited to the front end. Bailey's vehicle was damaged from the driver's door to the rear wheel.

The truck driver was a volunteer on the fire department. The volunteer testified that at the time of the accident, a red flashing light was located and operating on the truck dash. The volunteer also testified that he attempted to pass the Bailey vehicle.

Bailey was cited on a Uniform Traffic Ticket for violation of Seville Traffic Code Section 432.13(a). The description of offense states: "Did improperly make a left turn by not signaling in advance." The trial court found that the village of Seville did not establish by proof beyond a reasonable doubt that Bailey failed to signal. However, the trial court found that Bailey made a left turn without first using due care.

Bailey appeals. The village has not responded with a brief.

"Assignment of Error

"It was error for the court to permit a change in the matter alleged in the citation in the midst of trial."

The village of Seville called two witnesses, the police officer who was directing traffic and the volunteer who drove the truck. Both witnesses testified that they did not observe a flashing turn signal on Bailey's vehicle. The police officer testified that the signal did work. Bailey called a witness who viewed the accident. The witness testified that Bailey signaled and was

in the process of turning into the driveway when the truck moved into the left lane and struck Bailey's vehicle.

After the village had rested its case, and after the eyewitness had testified concerning the turn signal, the trial court asked each counsel if either knew the Traffic Code required a continuous turn signal for at least one hundred feet. Having received no affirmative response, the trial court called a recess so that each counsel could read the Traffic Code.

Upon resuming the trial, the village elicited from the eyewitness that he did not know the length of time or distance that Bailey signaled the turn. Bailey then testified on his own behalf.

At the close of Bailey's case, the trial court read Seville Traffic Code Section 432.13(a), which states:

" * * * No person shall turn a vehicle or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided."

The trial court would not permit closing arguments, but requested the parties to submit briefs on the issue of whether or not the village was bound to the second part of the Traffic Code section and not the first. The record contains an order that each party may submit briefs. However, the record contains no briefs.

It appears that the trial court *sua sponte* determined that contrary to the description of the offense charged on the Uniform Traffic Ticket and contrary to the theory that the village propounded at trial, the village actually prosecuted Bailey for failing to use due care prior to executing a left turn. The trial court relied upon *Barberton v. O'Connor* (1985), 17 Ohio St.3d 218, 17 OBR 452, 478 N.E.2d 803, in stating that the village is not bound by the language on the Uniform Traffic Ticket. Also, the trial court would require Bailey to make reasonable inquiry prior to trial in order to ascertain exactly what acts the village believed violated the traffic code. We disagree.

In *O'Connor*, the Uniform Traffic Ticket stated: "DWI in violation of Sec. No. 33.01 Cod.Ord. of Barberton." *Id.* at 220, 17 OBR at 453, 478 N.E.2d at 804. O'Connor contended that the ticket was so vague that it failed to charge him with an offense as required by Traf.R. 3(C). *Id.* at 221, 17 OBR at 454–455, 478 N.E.2d at 805–806. The Ohio Supreme Court stated that the purpose of a complaint prepared pursuant to Traf.R. 3 is to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand. In dicta, the Supreme Court suggested that a defendant who did not understand exactly

what had been charged could informally ask the prosecutor to amend the complaint to state a more specific offense. If the prosecutor refused to amend, the defendant could request a bill of particulars pursuant to Crim.R. 7(E). *Id.* at 222, 17 OBR at 455, 478 N.E.2d at 806. The Supreme Court then stated that a defendant may not wait until he is convicted and sentenced and then claim for the first time that he was not properly charged with an offense. *Id.* at 222, 17 OBR at 455, 478 N.E.2d at 806.

The *O'Connor* holding does not apply to the case *sub judice.* Bailey is not claiming that he was not charged with an offense. The record before the court contains nothing that even suggests the police officer, the village, the prosecutor, or Bailey had a question concerning what conduct violated the Traffic Code.

The village presented its case on the theory that Bailey failed to signal in advance of the left turn. The trial court even assisted the village on that theory when the court raised the issue of signaling continuously for one hundred feet. The village then pursued the issue in cross-examination of Bailey's witness.

■ We agree with the trial court's interpretation of Seville Traffic Code Section 432.13(a). Before a person attempts to move a vehicle outside the traffic lane in which the vehicle is proceeding, that person must use due care to determine that the movement can be made with reasonable safety. The record is devoid of any evidence that Bailey failed to exercise due care prior to turning left into his driveway.

■ The record establishes that the volunteer fireman collided with Bailey. The village charged Bailey with conducting himself in a manner that violated the Traffic Code. The trial court's decision placed the burden of proof on the village to establish beyond a reasonable doubt that Bailey violated Traffic Code Section 432.13(a), in that Bailey failed to exercise due care prior to attempting to move his vehicle outside the traffic lane in which the vehicle was proceeding.

The village tried and submitted this case on the allegation that Bailey improperly turned by not signaling in advance. The village offered no evidence concerning the care Bailey used, either in the operation of his vehicle or in ascertaining that the turn could be made with reasonable safety.

The trial court erred in substituting, *during deliberation,* the due care requirement for the appropriate signal requirement, because the village offered no evidence concerning due care. The trial court found that the village failed to prove beyond a reasonable doubt that Bailey did not signal for the left turn and should have entered a verdict of acquittal as a matter of law.

The trial court's judgment is reversed and this cause remanded with instruction to enter a judgment of acquittal consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD and REECE, JJ., concur.