**SPRINGFIELD TOWNSHIP, Appellee,**

**v.**

**QUICCI, Appellant.**

[Cite as *Springfield Twp. v. Quicci* (1994), 97 Ohio App.3d 664.]

Court of Appeals of Ohio,
Summit County.

No. 16642.

Decided Nov. 23, 1994.

*Max Rothal,* Director of Law, and *Rhonda Hendricks,* Assistant City Prosecuting Attorney, for appellee.

*Lawrence J. Cook,* for appellant.

---

*Per Curiam.*

Defendant-appellant, Susan L. Quicci, appeals from her conviction of driving with a breath-alcohol concentration over the legal limit, R.C. 4511.19(A)(3). We reverse.

Quicci was stopped at 2:41 a.m. on May 29, 1993, after Springfield Township Police Officer R.H. Victor observed her vehicle weaving left of center. During the ensuing conversation with Quicci, Officer Victor smelled a moderate odor of alcohol on her breath. Officer Victor administered a portable breath test and the horizontal gaze nystagmus test, both of which indicated that Quicci was driving

under the influence of alcohol. Quicci was arrested, taken to the police station, and administered a breath test on a BAC Verifier. Quicci's breath test registered a concentration of .209 grams of alcohol per two hundred ten liters of breath, more than twice the prohibited limit of .10 grams of alcohol per two hundred ten liters of breath set forth in R.C. 4511.19(A)(3).

Officer Victor issued Quicci three Uniform Traffic Tickets: the first for driving under the influence of alcohol, R.C. 4511.19(A)(1); the second for a prohibited breath-alcohol concentration; and the third for driving left of center. On January 7, 1994, the state dismissed the first and third counts, and Quicci pled no contest to driving with a prohibited breath-alcohol concentration. In her single assignment of error, Quicci argues that the municipal court erred by not dismissing the breath-alcohol count because the Uniform Traffic Ticket failed to adequately state an offense.

The Uniform Traffic Ticket at issue included the following pertinent information:

(1) In the space after "DESCRIPTION OF OFFENSE," Officer Victor wrote "B.A.C. Test";

(2) In the space after "BAC," Officer Victor wrote "209%"; and

(3) In the box next to "OHIO R.C.," Officer Victor made an "x" but did not write in a Revised Code section number in the space provided.

Prior to pleading no contest, Quicci moved on November 29, 1993, to dismiss the breath-alcohol count, claiming that the ticket failed to describe an offense, failed to cite the applicable Revised Code section, and inaccurately listed Quicci's breath-alcohol reading as "209" percent. The state responded in opposition. The municipal court denied Quicci's motion to dismiss. Quicci appeals from that ruling.

Initially, we agree with Quicci that the BAC reading written on the ticket is inaccurate. Specifically, Officer Victor's notation of "209%" should have read ".209g" or, even more accurately, ".209g/210 liters breath." However, this court has repeatedly held that an obvious scrivener's error on a Uniform Traffic Ticket does not amount to a failure to charge an offense, nor does it warrant the reversal of a valid conviction. See, *e.g.*, *State v. Tippens* (Jan. 2, 1992), Medina App. No. 2015–M, unreported, at 4, fn. 1, 1992 WL 2952; *State v. Gnatovich* (June 5, 1991), Medina App. No. 1970, unreported, at 4, 1991 WL 108522; *State v. Dillon* (June 10, 1987), Medina App. No. 1548, unreported, at 3, 1987 WL 12879; *State v. Belle* (May 20, 1987), Medina App. No. 1538, unreported, at 2, 1987 WL 11530. Consequently, the inaccurately transcribed BAC reading on Quicci's ticket does not support a reversal of Quicci's conviction.

Nonetheless, after reviewing the plethora of cases that have addressed whether a Uniform Traffic Ticket has adequately charged an offense, we are compelled to conclude that Quicci's ticket was inadequate. In *Barberton v. O'Connor* (1985), 17 Ohio St.3d 218, 17 OBR 452, 478 N.E.2d 803, paragraph one of the syllabus, the Ohio Supreme Court held that "[a] Uniform Traffic Ticket properly charges the defendant with an offense when it describes the nature of the offense as 'DWI' *and* makes reference to the ordinance that gives rise to the offense * * *." (Emphasis added.) Similarly, the Cuyahoga County Court of Appeals has stated that a Uniform Traffic Ticket "will satisfy legal requirements if it apprises the defendant of the nature of the charge *together* with a citation of the statute or ordinance involved." (Emphasis *sic.*) *Cleveland v. Austin* (1978), 55 Ohio App.2d 215, 220, 9 O.O.3d 368, 371, 380 N.E.2d 1357, 1362.

In the present case, Quicci's ticket contained the shorthand notation "B.A.C. Test" as the description of the offense for which she was charged but did not include a reference to the statute or ordinance upon which the offense was based. In researching this issue, we have not discovered a single Ohio case in which a traffic conviction was upheld on such a barren description of the offense. On the contrary, in those cases in which courts have upheld convictions based on an abbreviated or shorthand description of the offense, that description was always accompanied by a reference to the statute or ordinance upon which the offense was based. See, *e.g., State v. Brown* (Apr. 13, 1992), Clermont App. No. CA91–07–043, unreported, 1992 WL 75187; *Dayton v. Finney* (Apr. 9, 1991), Montgomery App. No. 12218, unreported, 1991 WL 60652; *State v. Teresko* (Mar. 18, 1991), Butler App. No. CA90–05–089, unreported, 1991 WL 35864; *Greenville v. Rehmert* (Oct. 12, 1990), Darke App. No. 1264, unreported, 1990 WL 157169.

In *State v. McKinney* (Oct. 21, 1981), Hamilton App. No. C–800922, unreported, 1981 WL 10066, the Uniform Traffic Ticket identified the offense as "D.U.I. in violation of Section 4511.19 of * * * Ohio R.C." In affirming the defendant's conviction based on this ticket, the Court of Appeals for Hamilton County concluded that "[w]e find merit * * * in the state's second response, to the effect that the description of the offense was adequate; *barely adequate, we might add.*" (Emphasis added.) *Id.* Because the shorthand description of the offense written on Quicci's ticket was unaccompanied by any reference to a specific statute or ordinance, the ticket did not rise to the level of "barely adequate" as that phrase was used in *McKinney.* Instead, considering that the shorthand notation "B.A.C. Test" was the only description of the offense included on Quicci's ticket, the ticket was clearly inadequate and did not properly charge her with the offense for which she was convicted.

Our holding on these particular facts is not intended to establish a blanket requirement that all Uniform Traffic Tickets must include a statute or

ordinance reference in order to adequately charge an offense. Rather, a statute or ordinance reference is a bare minimum requirement only if the issuing officer uses an abbreviated or shorthand description of the offense such as "DUI," "DWI," or as in this case, "B.A.C. Test." As cases from other appellate districts suggest, if the issuing officer writes a description of the offense using near verbatim language from the appropriate statute or ordinance, then the absence of the statute or ordinance number does not render the ticket inadequate. See, *e.g.*, *State v. Gibbs* (Dec. 29, 1992), Montgomery App. No. 13359, unreported, 1992 WL 389987; *State v. Toms* (Sept. 29, 1988), Franklin App. Nos. 88AP–443, 88AP–444 and 88AP–445, unreported, 1988 WL 102012. We agree with that result.

■ Finally, we recognize that in *O'Connor* the Supreme Court held that "[a] Uniform Traffic Ticket effectively charges an offense even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged." *Id.,* 17 Ohio St.3d 218, 17 OBR 452, 478 N.E.2d 803, paragraph two of the syllabus. However, the defendant's duty to make a reasonable inquiry does not obviate the issuing officer's initial duty to adequately describe in the ticket the offense with which the defendant is charged. Based on our review of Ohio case law, part of that initial duty includes writing a statute or ordinance designation on the ticket if the issuing officer uses an abbreviated or shorthand notation to describe the offense. The issuing officer in this case did not satisfy that initial duty.

Therefore, after evaluating the Uniform Traffic Ticket issued to Quicci, we find that the ticket failed to meet even the bare minimum requirements set forth in *O'Connor,* and thus the ticket did not properly charge Quicci with a violation of R.C. 4511.19(A)(3). The judgment of the municipal court is reversed, and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

BAIRD and DICKINSON, JJ., concur.

REECE, P.J., dissents.

REECE, Presiding Judge, dissenting.

In *Barberton v. O'Connor* (1985), 17 Ohio St.3d 218, 221, 17 OBR 452, 454–455, 478 N.E.2d 803, 805–806, the Ohio Supreme Court determined that a Uniform Traffic Ticket need only advise the defendant of the charge in a manner that can be readily understood by a person making a reasonable attempt to understand. As a result, the court held that "[a] Uniform Traffic Ticket effectively charges an

offense even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged." *Id.*, paragraph two of the syllabus.

Given the facts in this case, it is inconceivable that Quicci did not know she had been charged with driving with a prohibited breath-alcohol concentration. During the traffic stop, Officer Victor administered a portable breath test and a horizontal gaze nystagmus test, both of which are commonly known DUI field sobriety tests. After she failed the field sobriety tests, Quicci was arrested and taken to the police station where she provided a breath sample for a breathalyzer, which again is a commonly known test for driving under the influence of alcohol. Quicci was then issued two separate tickets for her DUI arrest: (1) the ticket at issue with the "B.A.C. Test" notation; and (2) another ticket which described the offense of driving under the influence of alcohol in near verbatim language and included the appropriate statute designation, R.C. 4511.19(A)(1).

Having undergone two breath tests and a horizontal gaze nystagmus test, and having been issued two separate tickets for driving under the influence of alcohol, Quicci should have immediately understood the nature of the offenses with which she was charged. Moreover, as stated by the Supreme Court in *O'Connor*, if Quicci "did not immediately understand, [her] lawyer should have immediately understood. If neither of them understood, they should have made some reasonable attempt to understand. They made no such attempt." 17 Ohio St.3d at 221, 17 OBR at 455, 478 N.E.2d at 805–806.

The *O'Connor* decision makes it clear that if a defendant does not understand the nature of the charge in a Uniform Traffic Ticket, the defendant has the burden to informally ask the prosecutor to amend the complaint or, if that request is unavailing, to formally seek a bill of particulars. Quicci failed to meet this burden and thus should not now be permitted to benefit from her own failure to act.

Accordingly, because Quicci's ticket identified the charge in a manner that could be readily understood by a person making a reasonable attempt to understand, or, even if the ticket did not meet this threshold, because Quicci failed to meet her burden to clarify the charge so that she could understand, I would affirm the conviction. Therefore, I dissent.