OPINION
Defendant-appellant Vance Nethers appeals his conviction and sentence from the Licking County Municipal Court on one court of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 30, 1998, at approximately 10:30 P.M., Patrolmen Charles Roberts and Tyson Powell of the Newark Police observed appellant exiting a bar. The two patrolmen, who were on special assignment, were in civilian clothes and were driving Patrolman Roberts' personal vehicle. After observing appellant stumble and stagger across the street before getting into his car, the two patrolmen determined that appellant was intoxicated and posed a driving risk. For such reason, the two patrolmen decided to pull off of their special assignment and follow appellant's vehicle. In his report, Patrolman Roberts stated that appellant's driving was very erratic and that appellant crossed the center line numerous times and nearly hit several parked cars before pulling into his yard. Once appellant pulled into his yard and parked his car, the two patrolmen pulled in behind him. Patrolman Roberts then identified himself to appellant as a police officer and asked appellant for identification. When appellant asked what he had done wrong, Patrolman Powell advised appellant that he was suspected of drunk driving. Shortly thereafter, several uniformed officers arrived on the scene and field sobriety tests, including the horizontal gaze nystagmus test, were administered to appellant. Appellant failed all of the tests. The officers who conducted the tests noted in their police reports that appellant was unsteady on his feet and appeared intoxicated. Appellant was then arrested for driving under the influence of alcohol or with a prohibited concentration of alcohol on his breath in violation of R.C. 4511.19, a first degree misdemeanor. A test performed on appellant using a BAC Datamaster yielded a result of .213 grams of alcohol per 210 liters of breath. On February 13, 1998, appellant filed a Motion to Dismiss on the basis that appellant was arrested by a "non-uniformed officer/person operating a non-marked motor vehicle", making his stop and arrest invalid and on the basis that the traffic citation issued to appellant was not properly completed as required by Ohio Traf. R. 3(E). Pursuant to a Judgment Entry filed on February 18, 1998, the trial court denied appellant's motion. At his arraignment on February 18, 1998, appellant, who was not represented by counsel, entered a plea of not guilty. On March 6, 1998, appellant filed a motion to exclude certain testimony and suppress all evidence. With respect to his motion to suppress, appellant argued that he "was on his own property when stopped by non-uniformed officers who were incompetent to effect a stop/arrest search . . ." and that appellee failed to comply with the rules and regulations of the Department of Health in administering the breath test. Pursuant to a Judgment Entry filed on May 6, 1998, the trial court denied appellant's motion. Thereafter, on June 15, 1998, appellant entered a plea of no contest and was sentenced by the trial court to ninety (90) days in jail and fined $450.00 plus court costs. The trial court then suspended sixty (60) days of appellant's jail time and placed appellant on probation for two years. In addition, appellant's driver's license was revoked for a two year period. A Judgment Entry memorializing appellant's sentence was filed on June 15, 1998. On the same day, appellant filed a Notice of Appeal from the trial court's June 15, 1998, Judgment Entry. Pursuant to an opinion filed on December 23, 1998, in Case No. 98CA65, this court reversed the Judgment of the Municipal Court, finding, in part, that the trial court should have held a hearing on appellant's motion to suppress his breath test result for failure to follow the rules and regulations of the Ohio Department of Health. Upon remand, a suppression hearing was held on January 19, 1999. The issue before the court at the hearing was whether the rules and regulations of the Ohio Department of Health relating to breath test admissibility had been followed. At the conclusion of the hearing, the trial court overruled appellant's motion. A Judgment Entry overruling appellant's motion to suppress was filed on February 12, 1999. Appellant, on January 21, 1999, filed a Motion to Dismiss to which appellee filed a response on February 1, 1999. Appellant, in his motion, argued that the charges against appellant should be dismissed since the traffic ticket served on appellant only alleged a violation of 4511.19 and did not specify which subsection of 4511.19 had been violated. Thereafter, on April 5, 1999, appellant entered a plea of no contest to the charge of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and/or operating a motor vehicle with a concentration of .10 grams of alcohol by weight per 210 liters of breath in violation of R.C.4511.19(A)(3). After the trial court entered a guilty finding on the charge of operating a vehicle while under the influence of alcohol, appellant was fined $400.00 and court costs and sentenced to ninety (90) days in jail with sixty of those days suspended. Appellant was also placed on probation for two (2) years and his driver's license was suspended for two (2) years. A Judgment Entry of conviction was filed on April 5, 1999. Pursuant to Judgment Entry filed on April 5, 1999, the trial court also denied appellant's January 21, 1999, motion to dismiss. It is from his conviction and sentence that appellant prosecutes his appeal, raising the following assignments of error.
1. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF R.C.4511.19(A)(1)
2. THE TRIAL COURT ERRED IN "SENTENCING" APPELLANT WHERE NO PENALTY IS PROVIDED FOR THE OFFENSE WITH WHICH APPELLANT IS CHARGED.
3. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO DISMISS.
4. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO SUPPRESS.
 I
Appellant, in his first assignment of error, argues that the trial court erred in finding him guilty of violating R.C. 4511.19(A)(1) when the State failed to specifically state which subsection of R.C 4511.19 appellant had violated as is required by Traf. R. 3(C). The traffic citation issued to appellant charged appellant with violating R.C. 4511.19 without reference to a subsection and stated that appellant had "operated a vehicle while under the influence of alcohol and/or drugs of abuse, and/or with a prohibited level of alcohol in excess of .100 of one gram by weight of alcohol per two hundred ten liters of breath." A complaint prepared in accordance with Traf. R. 3 merely needs to advise the defendant of the offense with which he is charged in such a manner that can be readily understood by a person making a reasonable attempt to understand. City of Barberton v. O'Connor (1985), 17 Ohio St.3d 218, 221. See also Cleveland v. Austin (1978), 55 Ohio App.2d 215, 219. Given the fact that the ticket issued to appellant listed a BAC of .213 and included the statutory language set forth in 4511.19(A)(1) and (A)(3), it is inconceivable that appellant did not understand what he was being charged with. Moreover, as the Supreme Court noted in O'Connor: "If appellant did not understand exactly what he had been charged with, he could have informally asked the prosecutor to amend the complaint so as to charge a more specific offense. As a practical matter, there is a possibility the prosecutor would have complied with appellant's informal request. If he would have refused to comply, appellant could have requested that the prosecutor furnish him `with a bill of particulars setting up specifically the nature of the offense charged and * * * the conduct of defendant alleged to constitute the offense.' Crim R. 7(E). This would have required the prosecutor to correct any prejudicial defects in the complaint." Id.
As in O'Connor, appellant made no attempt to have the alleged defects corrected and did not make some reasonable inquiry regarding exactly what offense he was charged with. Rather, appellant pled no contest to the charges set forth in the complaint. It is clear that appellant was charged with violating Revised Code Section 4511.19(A)(1) or 4511.19(A)(3). It was not an abuse of discretion for the court, after appellant's plea of no contest, to find that appellant was guilty of 4511.19(A)(1). The penalty for a violation of subsection (A)(1) is no different than for a violation of (A)(3) and the appellant made no attempt to clarify to which subsection he was entering a plea. Based on the foregoing and since, pursuant to this court's decision in State v. Hafer (Oct. 16, 1986), Licking App. No. CA-3204 stating that failure to state the subsection of a revised code section is not jurisdictional, appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends that because the traffic citation issued to him does not list a subsection of R.C. 4511.19, the trial court erred in sentencing him since RC.4511.99 does not contain a sentencing scheme for a violation of4511.19 itself. However, since, as stated above, appellant was properly charged and convicted of violating R.C. 4511.19 (A)(1), the trial court correctly sentenced appellant in accordance with that section. Appellant's second assignment of error is overruled.
 III
Appellant, in his third assignment of error, challenges the trial court's denial of appellant's January 21, 1999, Motion to Dismiss. Appellant, in his motion, had argued that the criminal complaint against him should be dismissed since the traffic citation issued to him cited a violation of R.C. 4511.19 without reference to a subsection and since 4511.99 "provides no penalty for `violating' R.C. 4511.19." Based on this court's holdings with respect to appellant's first and second assignments of error, appellant's third assignment of error is overruled.
 IV
In his final assignment of error, appellant claims that the trial court erred and/or abused its discretion by denying appellant's motion to suppress. Appellant specifically contends that: 1) appellant's stop was invalid because it was effectuated by a non-uniformed officer in a unmarked vehicle in violation of Ohio Evid.R. 601(C) and R.C. 4549.13 and 4549.15; 2) the breath sample appellant provided to the police during the BAC test was not a "deep lung breath" as required by Ohio Adm. Code 3701-53-01(A)(2); and 3) appellant was not observed for the required twenty minute period of time prior to the BAC test being administered. Ohio Evid.R. 601(C) states, in relevant part, that an officer is not competent to be a witness "where the officer was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute." Whereas R.C. 4549.13 discusses the marking that must be on motor vehicles used by traffic officers, R.C. 4549.15 concerns uniforms for traffic officers. However, this court stated in State of Ohio v. Vance Nethers (Dec. 23, 1998), Licking App. No. 98 CA 65, "[a]ppellant's argument is clearly an issue of competency to testify which could have been pursued at trial. Because there was no trial sub judice, there is no record to demonstrate Evid.R. 601(C) would have been violated". Contrary to appellant's argument, Evid.R. 601(C) does not state that a non-uniformed officer may not arrest a defendant, but rather concerns such officer's competency to testify. Thus, the stop of appellant was not unlawful due to non-compliance with Evid.R. 601(C) and R.C.4549.13 and 4549.15. Appellant further asserts that his motion to suppress should have been granted since his BAC test results were not expressed in terms of "deep lung breath" as required by Ohio Adm. Code 3701-53-01(A)(2). Ohio Adm. Code 3701-53-01(A)(2) states that the results of tests to determine the concentration of alcohol shall be expressed as equivalent to "[g]rams by weight of alcohol per two hundred ten liters of deep lung breath." (Emphasis added). Neither the BAC Datamaster Test Report Form nor the BAC Datamaster Evidence Ticket in the case sub judice contains the phrase "deep lung breath". However, there is no evidence, nor has appellant suggested, that the BAC test was not administered properly to appellant or that the testing procedures were flawed in any way. Nor is there evidence that appellant failed to give a sample of "deep lung breath". Moreover, the mere fact that the above forms do not contain the phrase "deep lung breath" is insufficient to warrant suppressing the results of appellant's BAC test. See State v. Shade (Sept. 28, 1993), Franklin App. No. 98AP-281, unreported. Finally, appellant also contends that the results of his BAC test should have been suppressed since the "BAC operator does not recall observing appellant for 20 minutes immediately prior to administering the BAC herein". At the January 19, 1999, suppression hearing, Patrolman Eric Cook testified that while he did not recall actually watching appellant directly for 20 minutes in this case prior to administering the BAC test, it was customary for him to do so. Transcript of Suppression Hearing at 14. In addition, on the BAC Datamaster Test Report Form, Patrolman Cook indicated that he had observed appellant for 20 minutes prior to testing to prevent oral intake of any material. The trial court, in its February 12, 1999, Judgment Entry, had overruled appellant's Motion to Suppress finding, in part, that appellant had been observed for twenty minutes prior to the administration of the BAC Datamaster test. With respect to a Motion to Suppress, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether such findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. The trial court, at the January 19, 1999, suppression hearing, had the opportunity to observe Patrolman Cook's demeanor and to assess his credibility. Clearly, the trial court found appellant's testimony that he always observes an individual for twenty minutes prior to administering a BAC test credible. Based on Patrolman Cook's testimony and the BAC Datamaster test forms, we find that the trial court had competent and credible evidence supporting its finding that appellant was observed for the requisite 20 minute period of time before administering the BAC test. Since such finding, therefore, was not against the manifest weight of the evidence, the trial court did not err in denying appellant's motion to suppress. Appellant's fourth assignment of error is overruled.
The Judgment of the Licking County Municipal Court is affirmed.
By Edwards, J. Gwin, P.J. and Hoffman, J. concur