OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Dominic F. Fontanella, appeals from his conviction in the Portage County Municipal Court, Ravenna Division on one count of driving outside marked lanes in violation of R.C. 4511.33 and one count of failure to wear a seat belt in violation of R.C. 4513.263(B)(1). For the following reasons, we affirm the judgment of the trial court.
The following facts are pertinent to this appeal. On April 11, 1998, appellant was issued a citation for driving outside marked lanes and for failure to wear his seat belt while travelling on a portion of the Ohio Turnpike located in Portage County. Appellant entered a plea of not guilty on April 29, 1998. On May 3, 1998, appellant filed a motion for a bill of particulars. The case subsequently proceeded to a bench trial on July 24, 1998.
The trial court eventually found appellant guilty of both charges and fined him $25 plus costs. Appellant's sentence was stayed pending the outcome of this appeal. Appellant perfected a timely appeal and asserts the following assignment of error for our consideration:
 "The trial court erred in denying defendant-appellant's motion to dismiss the charges comprising the complaint and affidavit as same did not charge a criminal offense under Criminal Rule 3."
We initially would like to note that the record before this court does not contain a copy of a motion to dismiss the charges against appellant. However, in his brief, appellant claims that an oral motion to dismiss was made during his trial and that the trial court subsequently denied such motion.
It is well-settled that an appellant must provide a transcript of the proceedings below for an appellate court to review an alleged error. State v. Russell (Mar. 1, 1996), Lake App. No. 95-L-135, unreported, at 2, 1996 WL 200575. When an appellant fails to provide a proper and complete transcript, a reviewing court has no choice but to presume the regularity of the proceedings in the trial court. State v. Simpfendorfer (Oct. 22, 1999), Geauga App Nos. 98-G-2180 and 98-G-2181, unreported, at 4.
Despite appellant's failure to provide us with a transcript, we will address the merits of appellant's assignment of error by using the limited record before us to determine if the citation sufficiently alleged an offense. Appellant argues that the traffic ticket he was issued was improperly executed pursuant to Crim.R. 3. Specifically, appellant contends that he was not properly informed of the facts which constituted the offense and that the ticket failed to indicate the essential elements of the crimes of which he was charged. We disagree.
First, appellant erroneously relies on the Crim.R. 3 requirement that a complaint contain "the essential facts constituting the offense charged * * * [and] state the numerical designation of the applicable statute or ordinance." This court has repeatedly held that the Rules of Criminal Procedure are inapplicable to the extent that the specific procedure is provided by the Uniform Rules of Traffic. Warren v. Granitto (1994),93 Ohio App.3d 723, 725; State v. Toth (Sept. 18, 1992), Geauga App. No. 91-G-1677, unreported, at 1, 1992 WL 348152; Niles v.Antonelli (Jan. 24, 1992), Trumbull App. No. 91-T-4538, unreported, at 2, 1992 WL 25284. See, also, Crim.R. 1(C)(3). Accordingly, Crim.R. 3 does not apply to the instant case.
With regard to the sufficiency of a traffic citation, the Supreme Court of Ohio has noted that:
 "The purpose of the Ohio Traffic Rules is, in large part, to ensure `simplicity and uniformity in procedure * * *.' * * * Traf.R. 1(B). Simplicity in procedure does not mean unfairness in procedure, or indifference to the rights of the prosecution or the defense. It means that traffic court procedure is not controlled by the stricter, more elaborate rules that govern procedures in more serious cases. * * * Therefore, a complaint prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand. * * *" Barberton v. O'Connor (1985), 17 Ohio St.3d 218, 221. (Emphasis sic. and citations omitted.)
Moreover, "[a] Uniform Traffic Ticket effectively charges an offense even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged." Id. at paragraph two of the syllabus. A "ticket need not contain every element of the offense in its description. It will satisfy legal requirements if it apprises the defendant of the nature of the charge together with a citation of the statute or ordinance involved." (Emphasis sic.) Cleveland v. Austin (1978), 55 Ohio App.2d 215,220. See, also, Kirtland Hills v. Osborne (Aug. 12, 1994), Lake App. No. 93-L-112, unreported, 1994 WL 587504; Statev. Beesler (Apr. 26, 1996), Ashtabula App. No. 95-A-0041, unreported, at 2, 1996 WL 297034 (noting that courts have even upheld convictions in situations where a ticket merely referenced the Revised Code section violated).
In the instant matter, appellant's ticket clearly indicates the correct Revised Code sections corresponding to the offenses with which he was charged and eventually convicted.[1]
Furthermore, the description of the offense portion of the ticket reads, "marked lanes." In addition, in the space reserved for the remarks of the issuing trooper, it is noted that appellant "went out of lane — stated he wasn't." Given these facts, we conclude that it is inconceivable that appellant did not know he had been charged with driving outside of marked lanes.
If appellant was confused about the charges, it was incumbent upon him to make a reasonable inquiry in order to discover exactly what offense is charged. As noted by the Supreme Court of Ohio, such an inquiry should be made before trial by filing a request for a bill of particulars with the trial court. O'Connor at 221.
The record reflects that appellant did make such an effort before trial. Appellant argues in his appellate brief that the trial court erred in denying his request for a bill of particulars. However, as we have already noted, appellant failed to provide this court with a transcript of those proceedings or any indication of the trial court's rationale for its denial. As a matter of fact, there is nothing in the record indicating whether or not the trial court considered appellant's motion. Accordingly, the absence of a transcript precludes appellant from demonstrating that he was in fact prejudiced by a denial of a bill of particulars.
Notwithstanding the absence of a transcript, we conclude that appellant was not prejudiced by a failure to receive a bill of particulars. In doing so, we recognize that "[i]n a criminal prosecution the state must, in response to a request for a bill of particulars * * *, supply specific dates and times with regard to an alleged offense where it possesses such information." State v.Sellards (1985), 17 Ohio St.3d 169, syllabus. However, the issue appellant raises herein ultimately turns on the question of whether appellant's alleged lack of knowledge concerning the facts a bill of particulars would have provided him actually prejudiced him in his ability to defend himself fairly. State v. Chinn
(1999), 85 Ohio St.3d 548, 569.
Here, the alleged denial of appellant's request in no way precluded or otherwise hindered him from presenting an effective defense. A review of the ticket clearly shows that appellant was charged with a marked lanes violation and for failure to wear his seat belt. Moreover, the ticket further indicates when and where the alleged offenses occurred. Therefore, the record before us simply does not support a claim that appellant was prejudiced by a failure to receive a bill of particulars.
Based on the foregoing analysis, appellant's sole assignment of error is without merit. Accordingly, the judgment of the trial court is affirmed.
FORD, P.J., O'NEILL, J., concur.
[1] Appellant does not argue that he was unaware of the facts underlying the failure to wear a seat belt charge. As a result, we decline to address the same.