OPINION
Defendant-appellant, Chris A. Miller, was stopped by a Butler County deputy sheriff and charged with one count each of operating a motor vehicle with an expired driver's license contrary to R.C. 4507.02 and failing to wear a seatbelt in violation of R.C. 4513.263. Following a bench trial in the Middletown Municipal Court, appellant was found guilty as charged and sentenced. This appeal follows, with appellant presenting twelve assignments of error for review.
In his first assignment of error, appellant claims the trial court lacked jurisdiction over the case at bar. The record reveals that the violations occurred at the intersection of State Route 122 and Hill Street in Madison Township, a location within the territorial jurisdiction of the Middletown Municipal Court. See R.C. 1901.02(B). The traffic offenses also fall within the court's subject matter jurisdiction. R.C. 1901.20(A)(1). Accordingly, the court had jurisdiction over this matter and appellant's first assignment of error is overruled.
Appellant's second assignment of error claims the trial court erred in overruling his motion to dismiss based upon a defective complaint. Appellant contends the Ohio Uniform Traffic Ticket ("UTT") issued by the deputy is insufficient and fails to comply with the requirements for a valid criminal complaint. This court rejected similar arguments in State v. Loop (Dec. 20, 1999), Fayette App. No. CA98-10-017, unreported. See, also, State v.Gibson (June 19, 1995), Clermont App. No. CA95-02-014, unreported. On the basis of this court's holding in Loop and the authorities cited therein, the second assignment of error is overruled.
In his third assignment of error, appellant claims the trial court erroneously denied his motion to dismiss the complaint on the basis that the UTT failed to designate the precise subsection of the Revised Code under which appellant was charged. In its response to appellant's request for a bill of particulars, the state indicated that appellant was charged with operating a motor vehicle with a license that had been expired for more than six months. Such conduct constitutes a violation of R.C.4507.02(A)(1), which prohibits an individual from operating a motor vehicle without "a valid driver's license issued under this chapter."[1] We conclude that appellant was sufficiently informed of the specific subsection of R.C. 4507.02 under which he was charged. The third assignment of error is hereby overruled.
Appellant's fourth assignment of error claims the trial court erred by permitting a non-attorney to issue the complaint. This assignment of error questions the validity of a law enforcement officer using the UTT to issue a complaint for a traffic violation. Based upon our decision in State v. Loop, we find this argument to be without merit. See, also, State v. Tate (Apr. 20, 1999), Franklin App. No. 98AP-759, unreported. The fourth assignment of error is hereby overruled.
Appellant's fifth assignment of error argues that the trial court erred by entering a not guilty plea on appellant's behalf. The record reflects that appellant refused to enter a plea at his arraignment. The trial court invoked Crim.R. 11(A) and entered a not guilty plea on appellant's behalf. The court's action did not prejudice appellant. Accordingly, appellant's fifth assignment of error is overruled.
In the sixth assignment of error, appellant claims he was prejudiced when the state provided an inadequate response to his request for a bill of particulars. After he was served with a copy of the UTT informing him of the "nature and cause" of the accusations against him, appellant filed a request for a bill of particulars. See Barberton v. O'Connor (1985), 17 Ohio St.3d 218. In turn, the state provided a bill of particulars explaining the facts constituting the offense.
In addition to the state's response, the record reflects that the trial court explained the nature of the charge to appellant at his arraignment. We find no inadequacy in the bill of particulars provided by the state which, when coupled with the court's recital, provided sufficient explanation of the nature and cause of the accusations. Accordingly, appellant was not prejudiced and the sixth assignment of error is overruled.
The seventh assignment of error states that the trial court erred by convicting appellant of charges that were of an "unknown authority." Appellant claims the Ohio Revised Code has no authority since its contents are not true public laws but are laws of an unknown and uncertain authority. The sections of R.C. Title 45 under which appellant was charged and convicted — as well as the balance of the Revised Code — are compiled from copies of enrolled bills provided to the publisher by the Ohio Secretary of State. Those bills, passed in both houses of the general assembly by the required majority vote and which became law upon the affixing of the governor's signature, are required by law to be filed by the secretary of state. See Maloney v. Rhodes (1976),45 Ohio St.2d 319. Therefore, the Revised Code reflects the laws of this state as enacted by the general assembly. See State v. Loop
and State v. Tate. Accordingly, the seventh assignment of error is overruled.
Appellant's eighth assignment of error claims the Revised Code sections under which he was charged are invalid since they lacked an "enacting clause" as required by Article II, Section15(B), Ohio Constitution. This court has previously rejected similar arguments that Revised Code provisions are invalid for lack of an enacting clause. See State v. Loop. The eighth assignment of error is hereby overruled.
In his ninth assignment of error, appellant claims the trial court erred in finding him guilty of charges that have no "title." For the same reasons expressed by this court in State v. Loop, and the Franklin County Court of Appeals in State v. Tate, we find no merit to this argument. The ninth assignment of error is overruled.
Appellant's tenth assignment of error states that the trial court prejudiced appellant by misleading him as to the "type" of case brought against him. The bill of particulars provided by the state indicated that the case against appellant was a "criminal/ traffic case." Accordingly, we find that appellant was informed of the type of case that had been filed against him and there was no resulting prejudice. The tenth assignment of error is overruled.
In the eleventh assignment of error, appellant claims the court erroneously overruled his motion to dismiss based upon a change in the charge against him. Appellant was charged with having an expired license under R.C. 4507.02. During arraignment, the trial court asked for a plea on the charge of "no valid operator's license." Appellant argues the use of this language impermissibly changed the charge against him. In addition, the citation originally charged appellant with having an expired license for less than six months but was later amended to reflect an expired license of more than six months.
A number of situations in which an individual does not have a valid license are covered in R.C. 4507.02. These include a suspended license, lack of a proper endorsement, having more than one license, and having an expired license. Whether a license has been expired for more or less than six months only relates to the degree of the offense. See R.C. 4507.02(D) and (H). The amendment or change in the complaint, if any, did not change the nature of or the identity of the charged offense. Accordingly, there was no prejudicial error and the eleventh assignment of error is overruled.
In his twelfth assignment of error, appellant claims the trial court erred in proceeding to trial without ruling on appellant's pre-trial motions. The record reflects that the trial court ruled on appellant's pending motions prior to the commencement of trial. Accordingly, there is no error and the twelfth assignment of error is overruled.
POWELL, P.J., and YOUNG, J., concur.
[1] R.C. 4507.09(A) provides that every driver's license issued to a resident of this state expires on the birthday of the applicant in the fourth year after the date it is issued. The record reflects that appellant's license expired on April 9, 1998. Appellant committed these offenses on December 16, 1998, more than eight months after his license expired.