OPINION
Appellant Kenneth Kilpatrick appeals the decision of the Licking County Municipal Court convicting him on four traffic violations. The relevant facts leading to this appeal are as follows. On July 30, 1999, appellant was involved in a one-vehicle automobile accident while driving his 1984 Chevrolet Camaro in Hopewell Township, Ohio. The state charged appellant with four violations: driving a motor vehicle under the influence of alcohol ("OMVI"), R.C. 4511.19(A)(1); driving on a suspended driver's license ("DUS"), R.C. 4507.02; failure to wear a seat belt, R.C. 4513.26.3(B)(1); and failure to control a motor vehicle, R.C. 4511.20.2. Following arraignment, appellant filed a written motion to dismiss the charges based on his assertion that the traffic citation was materially defective. The trial court denied said motion on September 14, 1999. On November 1, 1999, the scheduled trial date, appellant changed his pleas to no contest and was found guilty on all four charges. Appellant timely appealed and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO DISMISS FILED 08/04/99 AND/OR ORAL MOTION AT ARRAIGNMENT.
 II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S SPEEDY TRIAL MOTION TO DISMISS.
 I.
In his First Assignment of Error, appellant argues that the complaint should have been dismissed for failure to allege an essential element of the charges. The traffic citation at issue includes a section captioned "TO DEFENDANT: COMPLAINT." The first line provides spaces in which the law enforcement officer fills the date and time of the alleged offense, followed by a line reading "YOU OPERATED/PARKED/WALKED A * * *," followed by spaces for information about the specific vehicle, and location of the alleged violation. Appellant specifically challenges the officer's failure to mark the term "operated" on the citation, a failure he asserts renders the complaint materially defective. We disagree. Certainly, the uniform traffic ticket and the traffic rules are to be "* * * construed and applied to secure the fair, impartial, speedy and sure administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay." Traffic Rule 1(B). However, the Ohio Supreme Court has held: A Uniform Traffic Ticket effectively charges an offense even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged. Such inquiry should be made before trial by filing a request for a bill of particulars. City of Barberton v. O'Connor (1985), 17 Ohio St.3d 218, paragraph two of the syllabus.
In the case sub judice, the state clearly indicated in its bill of particulars of August 19, 1999, that appellant had "operated" his vehicle in violation of Ohio law. We would therefore hold that the purported defect in the citation was timely cured. Moreover, "* * * a complaint prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand. Barberton at 221, citing Cleveland v. Austin (1978), 55 Ohio App.2d 215, 219. We are not persuaded that a defendant, truly engaged in a reasonable effort to understand this particular citation, would seriously consider the offenses of OMVI, DUS, failure to wear a safety belt, and failure to control as conceivably applicable to a pedestrian or unoccupied parked vehicle. The trial court did not err in failing to deny appellant's motion to dismiss. Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant asserts that the trial court violated his speedy trial rights. We disagree. Appellant contends that more than ninety days elapsed between the date of his "arrest," July 30, 1999, and the trial date of November 1, 1999. Pursuant to R.C.2945.71(B)(2), a defendant must be brought to trial within ninety days after arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree. However, R.C. 2945.72(E) directs that such time may be extended by "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." In the case sub judice, appellant filed a motion to dismiss on August 4, 1999. The trial court issued a ruling denying the motion to dismiss well over thirty days later, on September 14, 1999. Subtracting this latter time period from the former brings the total speedy trial days well within the statutory requirement of ninety days, as a defendant's motion to dismiss tolls the speedy trial statute under R.C.2945.72(E). See, e.g., City of Newark v. Farmer (Dec. 26, 1995), Licking App. No. 95-CA-62, unreported, at 2. Appellant's speedy trial rights were not violated. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Licking County Municipal Court, Licking County, Ohio, is hereby affirmed.
HOFFMAN, P.J. and FARMER, J. CONCUR.