{¶ 17} I respectfully dissent. Traffic offenses are criminal in nature. To invoke a court's subject-matter jurisdiction, a criminal complaint must allege criminal liability. Criminal liability is defined by R.C 2901.21(A) to require "conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing." Necessarily, that conduct must violate some requirement which is imposed by law. In this circumstance, that requirement is imposed by R.C 4511.18.
 {¶ 18} The conduct alleged on the face of the traffic citation demonstrates no violation of R.C. 4511.18. In Barberton v. O'Connor
(1985), 17 Ohio St.3d 218, conduct constituting a complete violation of law was alleged in the term "DWI," albeit by way of a colloquial reference subject to further particularization on the defendant's motion. The conduct alleged here is at most aspirational, not prohibitive. Therefore, I would affirm. The State can surely re-charge the offense in some form that's proper.