[Cite as *Lakewood v. Tate*, 2018-Ohio-2731.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106153**

---

**CITY OF LAKEWOOD**

PLAINTIFF-APPELLEE

vs.

**JOHN A. TATE, III**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2017TRD02252

**BEFORE:** Jones, J., McCormack, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** July 12, 2018

**ATTORNEY FOR APPELLANT**

Mark D. McGraw
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Pamela L. Roessner
City of Lakewood Chief Prosecuting Attorney

BY: Andrew N. Fleck
Assistant City Prosecutor
12650 Detroit Avenue
Lakewood, Ohio 44107

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant John A. Tate, III ("Tate") appeals from his judgment of conviction for violating Lakewood Codified Ordinances 335.072, that was rendered after a bench trial in the Lakewood Municipal Court.[1]  This case is on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.[2]  For the reasons that follow, we reverse and remand for vacation of Tate's conviction.

## I. Factual and Procedural History

**{¶2}** The record demonstrates that in the early morning hours of Sunday, June 18, 2017, Tate was stopped in Lakewood, Ohio by Officer Jeffrey Robinson ("Officer Robinson"). Officer Robinson issued Tate a ticket for violating Lakewood Codified Ordinances 335.072, which governs "driving under financial responsibility law suspension or cancellation; driving under nonpayment of judgment suspension."

**{¶3}** Robinson testified that he was doing routine traffic patrol when he observed a car approaching a "five-point" intersection as the controlling light was about to turn red.  The officer ran the license plate on the car and, as he was doing that, observed that the driver of the car, Tate, "kind of rolled through the red light, [and] didn't come to a complete stop."  The information on the vehicle came back that Tate was the owner of the car and that his license was under suspension.  Officer Robinson effectuated a stop and informed Tate that he had information that his license was under suspension.

**{¶4}** Tate told the officer that he had driving privileges and attempted to locate his

---

[1]Tate represented himself pro se at trial.

[2]One of the purposes of an accelerated calendar is that it enables us to "render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated."  *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

paperwork verifying same. Tate could not immediately find the paperwork, so Officer Robinson told him that he was going to go back to his police cruiser to determine what the privileges were. The officer was unable to find out exactly what Tate's driving privileges were, however. Tate also did not have proof of financial responsibility.

{¶5} Officer Robinson testified that Tate initially told him that he was coming from "185th in Rocky River." Tate changed his story, however, and next told the officer that he was coming from the Kamm's corner area of Cleveland and then he said he was coming from a family reunion on the east side of Cleveland and he was going to his mother's house in Avon Lake. Tate told Officer Robinson that he stopped in Lakewood because he was trying to find a gas station and he got lost. Officer Robinson testified that, although there were gas stations in the area, he "didn't believe his story * * * it didn't make sense to [him because of] where he was coming from." It was the officer's belief that Tate was driving outside of the parameters of his privileges.

{¶6} Officer Robinson testified that he wrote a ticket out for Tate and after he issued it to him, Tate found his driving privileges paperwork. According to the officer, the privileges were "very generalized as far as the Cleveland area. It made some mention of visiting family." Originally, the officer had told Tate that his car was going to be towed and he would need to get a ride to his mother's house, but since Tate produced his paperwork, Officer Robinson let him drive.

{¶7} A copy of Tate's driving record was admitted into evidence. The record showed that Tate had a "court suspension/major offense w/o FRA" from Sandusky County on March 20, 2017, and as a result, his license was suspended from March 20, 2017 through September 20, 2017.

{¶8} A copy of Tate's "limited driving privileges" was also admitted into evidence. The

privileges were effective from March 20, 2017, through September 20, 2017, and, in relevant part, allowed Tate to drive on weekends to and from his mother's house in Avon Lake and to and from his brother's house in the area of East 77th Street and Central Avenue in Cleveland. The record indicates that at the relevant time Tate lived in Columbus, Ohio.

{¶9} On this evidence, the trial court found Tate guilty of violating Lakewood Codified Ordinances 335.072. The court fined him $250 and imposed court costs; suspended his driver's license for 180 days; and imposed 180 days of community control supervision and 180 days in jail. The trial court also ordered Tate to file proof of financial responsibility with the clerk of court by the following day; Tate complied.

{¶10} After his conviction, Tate obtained counsel who filed a motion for relief from judgment and a motion to supplement the record. Counsel also asked the trial judge to stay the execution of sentence pending appeal. The trial court did not rule on the motions or on the request to stay execution of sentence. Tate also filed a motion to stay execution of sentence with this court, which was denied. He now presents the following five assignments of error for our review:

> I. The trial court erred by convicting defendant-appellant of a violation of Lakewood Municipal Ordinance [§]335.072.
>
> II. The trial court erred in not granting defendant-appellant's motion to supplement the record.
>
> III. Assuming the trial court was proceeding under Lakewood Municipal Ordinance 335.071, the verdict of guilty was against the manifest weight of the evidence.
>
> IV. The trial court erred in concluding that the traffic ticket operated to confer subject matter jurisdiction on the trial court.
>
> V. The trial court erred when it failed to recognize the protocol set forth in O.R.C. Section 4509.101 as the appropriate remedy when a motorist cited for a traffic ticket does not provide proof of financial responsibility at the scene of the stop.

## II. Law and Analysis

**Municipal Court's Jurisdiction**

{¶11} We first consider Tate's fourth assignment of error in which he contends that the Lakewood Municipal Court lacked jurisdiction over his case.

{¶12} R.C. 2935.17 gives the Supreme Court of Ohio the authority to provide by rule for the uniform type and language to be used in any affidavit or complaint filed in any court inferior to the common pleas court for violation of motor vehicle and traffic laws. Under this authority, the court adopted Traf.R. 3, which provides that the complaint and summons in traffic cases shall be the Ohio Uniform Traffic Ticket. *State v. Maurer*, 5th Dist. Stark No. CA-8577, 1991 Ohio App. LEXIS 5489, 3 (Nov. 12, 1991).

{¶13} One of the main purposes of the Ohio Traffic Rules is to ensure "simplicity and uniformity in procedure * * *." Traf.R. 1(B).

> Simplicity in procedure does not mean unfairness in procedure, or indifference to the rights of the prosecution or the defense. It means that traffic court procedure is not controlled by the stricter, more elaborate rules that govern procedures in more serious cases. Cf. *Youngstown v. Starks* (1982), 4 Ohio App.3d 269, 271. Therefore, a complaint prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand. *Cleveland v. Austin* (1978), 55 Ohio App.2d 215, 219 [9 O.O.3d 368].

*Barberton v. O'Connor*, 17 Ohio St.3d 218, 221, 478 N.E.2d 803 (1985).

{¶14} Here, a proper uniform traffic ticket was filed charging Tate with violating Lakewood Codified Ordinances 335.072, governing driving under suspension for failing to have insurance; thus, the Lakewood Municipal Court had jurisdiction over the case.

{¶15} On this record, the Lakewood Municipal Court had jurisdiction over this case and Tate's fourth assignment of error is therefore overruled.

**Lakewood Codified Ordinances 335.072**

{¶16} In his first assignment of error, Tate challenges his conviction for violating Lakewood Municipal Ordinances 335.072, which governs "driving under financial responsibility law suspension or cancellation; driving under a nonpayment of judgment suspension."

{¶17} A copy of Tate's BMV driving record, which was admitted into evidence, shows that in March 2017, Tate was issued a court suspension out of Sandusky County for "major offense w/o FRA." The record indicates that the "major offense" was "OVI," and we take judicial notice that "w/o FRA" refers to failure to comply with Ohio's Financial Responsibility Act. *See, e.g., Lakewood v. Cirino*, 8th Dist. Cuyahoga No. 78057, 2001 Ohio App. LEXIS 361, 2 (Feb. 1, 2001).

{¶18} However, as mentioned, Tate had limited driving privileges. As relevant to this appeal, those privileges allowed him to drive on weekends to and from his mother's house in Avon Lake and to and from his brother's house in the area of East 77th Street and Central Avenue in Cleveland.

{¶19} Although he initially could not find his paperwork, he ultimately did provide it to Officer Robinson. The officer stopped Tate on a Sunday, in Lakewood, Ohio, which is a city Tate could reasonably have had to travel through from Colombus, Ohio, where he lived at the time, or from the area of East 77th Street and Central Avenue in Cleveland, to get to his mother's house in Avon Lake, Ohio. Even Officer Robinson described the privileges as being "very generalized as far as the Cleveland area." We further note that Officer Robinson had initially told Tate that his car was going to have to be towed, but after Tate produced a copy of his driving privileges, the officer let him continue driving.

{¶20} On this record, the evidence did not support the conviction. The first assignment of error is sustained, rendering the remaining assignments of error moot.

{¶21} Judgment reversed; case remanded for vacation of conviction.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

TIM McCORMACK, P.J., and
ANITA LASTER MAYS, J., CONCUR