CITY OF NORTH OLMSTED, APPELLANT, *v.*
GREINER ET AL., APPELLEES.

(No. 45397—Decided April 25, 1983.)

*Mr. Michael R. Gareau,* for appellant.
*Mr. Thomas M. Carolin,* for appellees
Ted R. Greiner et al.

MARKUS, J. The city of North Olmsted appeals a municipal court order dismissing nine similar traffic ticket complaints for failure to state an offense. The trial court ruled that defendants had been improperly charged with violating an enabling ordinance rather than an ordinance proscribing wrongful conduct. We agree that the complaints were defective, so we affirm the trial court's dismissal order.

Defendants were each given traffic ticket citations by two police officers at the same intersection in North Olmsted, Ohio. The face of each citation recited the same "DESCRIPTION OF OFFENSE":

"Right Turn on Red Prohibited IN VIOLATION OF SEC. NO. 313.03c4 COD. ORD. OF NORTH OLMSTED."

That ordinance subsection provides:

"(4) Council may, by ordinance, prohibit a right turn against a steady red signal at any intersection, which shall be effective when signs giving notice thereof are posted at the intersection."

The full text of Section 313.03(c) of North Olmsted Codified Ordinances governs traffic facing a steady red traffic control signal light.[1] That city's Ordinance No. 81-116 amends the city's traffic control map and directs the mayor to cause the posting of signs at the specific intersection involved here, so as to prohibit right turns on red at designated hours.

The city assigns the following single assignment of error:

"The trial court committed prejudicial error in holding that defendants were not properly charged under Section 313.03(c) of the Codified Ordinances of the city of North Olmsted, which permits right turns on red unless a sign is posted, and in holding that defendants should have been charged under the ordinance authorizing the sign to be posted at the particular intersection."

---

[1] The remainder of Ordinance No. 313.03(c) provides:

"c. Steady Red Indication:

"(1) Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or if none, then before entering the intersection and shall remain standing until an indication to proceed is shown except as provided in subsection (c)(2) hereof.

"(2) Effective July 1, 1975, unless a sign is in place prohibiting a right turn as provided

in subsection (c)(4) hereof, vehicular traffic facing a steady red signal may cautiously enter the intersection to make a right turn after stopping as required by subsection (c)(1) hereof. Such vehicular traffic shall yield the right of way to pedestrians lawfully within an adjacent crosswalk and to other traffic lawfully using the intersection.

"(3) Unless otherwise directed by a pedestrian-control signal as provided in Section 313.05, pedestrians facing a steady red signal alone shall not enter the roadway."

In *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215, at 220 [9 O.O.3d 368], this court determined that a traffic ticket "will satisfy legal requirements, if it apprises a defendant of the nature of the charge *together* with a citation of the statute or ordinance involved." If either of these two elements is omitted, the ticket is subject to dismissal upon timely motion unless it is amended to correct the deficiency. *Cleveland Heights* v. *Perryman* (1983), 8 Ohio App. 3d 443.

The citations given to these defendants contained sufficient language to apprise them of the nature of the charge, but the tickets did not contain a reference to the correct ordinance violated. Instead, the tickets referred to an enabling subsection of the general ordinance prohibiting drivers from proceeding through a red light at an intersection.

If the tickets had made reference to Codified Ordinance No. 313.03(c) or 313.03(c)(1), together with the offense descriptions they contained, they would have charged a valid offense. The prosecutor could have requested such an amendment before the complaints were dismissed. Cf. *Cleveland Heights* v. *Perryman, supra.* Without that amendment, the complaints were fatally deficient.

Therefore, we affirm the trial court's order dismissing these complaints.

*Judgment affirmed.*

DAY, P.J., and CORRIGAN, J., concur.