ACCELERATED JOURNAL ENTRY AND OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.R. 11.1 The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory opinion. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
Defendant-appellant herein, Matt A. Cirino, appeals from his conviction in the Lakewood Municipal Court on one count of Driving Under Suspension or Revocation or in Violation of License Restrictions, Lakewood Codified Ordinances 335.07. Because we conclude that the evidence received at trial was sufficient to support the appellant's convictions, we affirm the ruling of the trial court.
On April 18, 2000, at approximately 11:35 p.m., the appellant was pulled over in the city of Lakewood driving southbound on W. 117th Street after he was observed running a red light. The officer who pulled over the appellant proceeded to check the current status of the appellant's driving privileges in Ohio by running a LEADS report. This report indicated that the appellant's license was suspended because of his failure to comply with Ohio's Financial Responsibility Act (FRA), R.C.4507.02(B)(1), as well as due to a court suspension arising out of an accident where the appellant had left the scene. The appellant was charged with driving under suspension, Lakewood Codified Ordinances 335.07, and with failure to obey a traffic control device, Lakewood Codified Ordinances 313.01. The traffic citation, which was issued to the appellant, listed the appropriate ordinance for driving under suspension and then stated on the line provided for suspensio type: FRA 4-27-99 — 4-27-02. The appellant maintains in this appeal that because the traffic citation which was issued to him listed the type of suspension as an FRA suspension, the trial court wnas prohibited from finding him guilty of driving under suspension based on the court ordered suspension arising out of his earlier traffic incident. It is the appellant's contention that he was de facto convicted of * * * L.C.O. 335.07(d), which prohibits driving under a court ordered suspension, although he was only charged with violating Lakewood Codified Ordinances 335.07(a), which deals with driving under an FRA suspension.
The appellant further asserts that his conviction was not supported by evidence at the trial because a computer printout of his driving record, which was generated at the time of his trial, showed that the appellant was not under an FRA suspension at the time that he was pulled over for going through a red light on April 18, 2000. Yet, the appellant readily admits that his license was suspended at the time of the incident[1]
and, indeed, his counsel stated of the appellant at trial: if he was charged under driving under a court suspension, there's little doubt he would be guilty.
The appellant timely filed the within appeal from the verdict of the trial court and submits five assignments of error for this court's review. As the five assignments of error are interrelated and have a common basis in law and fact, they will be addressed concurrently in this opinion. Assignments of error one through five state:
 I. THE TRIAL COURT ERRED AND VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS WHEN IT CONVICTED HIM OF AN OFFENSE WHICH WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 II. THE TRIAL COURT ERRED AND VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS WHEN IT CONVICTED THE DEFENDANT OF AN OFFENSE THAT HE WAS NEVER CHARGED WITH HAVING VIOLATED.
 III. THE TRIAL COURT ERRED AND VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS CRIM.R. 7(D), WHEN IT WITHOUT ANY NOTICE TO THE DEFENDANT, DE FACTO AMENDED THE OFFENSE THE DEFENDANT WAS CHARGED WITH HAVING VIOLATED, AND THEN CONVICTED HIM OF THAT AMENDED CHARGE.
 IV. THE TRIAL COURT ERRED AND VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS WHEN IT ADMITTED EVIDENCE THAT WAS COMPLETELY IRRELEVANT TO THE OFFENSE THE DEFENDANT WAS ALLEGED TO HAVE VIOLATED.
 V. THE TRIAL COURT ERRED AND VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS WHEN IT CONVICTED THE DEFENDANT ON CHARGES OF DRIVING UNDER A LICENSE SUSPENSION WHERE THE DEFENDANT DID NOT EVEN HAVE A DRIVER'S LICENSE.
The appellant's entire argument rests on the premise that he was charged under Lakewood Codified Ordinance 335.07(a), but convicted of violating Lakewood Codified Ordinance 335.07(d). In fact, the citation issued to the appellant only charged the appellant with a violation of 335.07, no subsection was indicated. The mere fact that the ticket also included the dates of the purported FRA suspension did not prohibit the trial court from finding the appellant guilty of violating his court ordered license suspension, which is also an offense under 335.07.
In City of North Olmsted v. Greiner (1983), 9 Ohio App.3d 158,159, this court stated:
 [a] traffic ticket will satisfy legal requirements, if it apprises a defendant of the nature of the charge together with a citation of the statute or ordinance involved. If either of these two elements is omitted, the ticket is subject to dismissal upon timely motion unless it is amended to correct the deficiency. (Emphasis sic.) Citing Cleveland v. Austin (1978), 55 Ohio App.2d 215, 220.
Although a traffic ticket must cite to the statute or ordinance which has allegedly been violated, there is no requirement that a specific subsection also be indicated. In the present case, contrary to the assertion of the appellant, the appellant was not charged with a violation of section 335.07(a) of the Lakewood Codified Ordinances. The traffic ticket clearly indicates that the appellant was charged with a violation of section 335.07.
In Barberton v. O'Connor (1985), 17 Ohio St.3d 218, paragraph two of the syllabus, 17 OBR 452, 478 N.E.2d 803, the Supreme Court held that "[a] Uniform Traffic Ticket effectively charges an offense even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged." The appellant herein readily admits that he knew that his driving license was suspended for all purposes other than driving to and from work at the time that he was stopped. Therefore, a citation charging him with driving under suspension was sufficiently specific in order for him to know exactly what offense he was charged with. The fact that the citation also contained the dates of the purported FRA suspension[2] did not serve to absolve the appellant of his culpability for his violation of a different subsection of Lakewood Codified Ordinance 335.07.
Thus, we conclude that the appellant was properly convicted of driving while under suspension and we overrule each of the appellant's assignments of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, P.J., and DYKE, J., CONCUR.
[1] Although at the time of the incident in question the appellant had been granted occupational driving privileges by the Garfield Heights Municipal Court, the appellant concedes that he was beyond the scope of these privileges at the time that he was stopped by the Lakewood police officer and was, therefore, driving under suspension.
[2] Appelee, City of Lakewood contends that the appellant's driving privileges were, in fact, suspended under an FRA suspension on the day that he received the citation at issue in this case and that the LEADS report introduced at trial was backdated giving the appearance that the appellant was not under an FRA suspension at the time that he was ticketed. There is no evidence in the record to support the assertion that the Bureau of Motor Vehicles backdated the appellant's proof of compliance, although the ticketing officer did testify that at the time that he issued the citation, the appellant's driving record showed a current FRA suspension. Nonetheless, this issue is not dispositive of this appeal because the appellant was not exclusively charged with violating an FRA license suspension.