OPINION
{¶ 1} Appellant, Michael P. Alley, Jr., appeals from the judgment of the Portage County Municipal Court denying his motion to dismiss a charge of operating a vehicle while intoxicated. We affirm.
 {¶ 2} On January 15, 2006, at approximately 1:59 a.m., appellant was stopped and arrested by a Streetsboro Police officer. The officer issued a traffic citation alleging three violations: a charge of Following Too Close, a charge of Driving in Marked Lanes, and a charge of Operating a Motor Vehicle Intoxicated ("OVI"). The first two charges *Page 2 
properly listed the corresponding Ohio Revised Code Sections upon which the alleged violations were premised. However, while the OVI charge indicated the charge was a misdemeanor of the first degree and was a result of appellant driving while "under the influence of alcohol/drug of abuse," it failed to denote the proper Revised Code Section, viz., R.C. 4511.19(A)(1)(a). Instead, next to the foregoing information, the officer noted appellant's actions were in violation of R.C. 4511.21(A), the statutory section governing speeding.
 {¶ 3} Although the record contains no formal motion to amend the citation, the citation was filed with the trial court on January 18, 2006. The citation, as filed, indicated the section had been amended to reflect that the OMVI charge was committed in violation of R.C.4511.19(A)(1)(a). Neither appellant nor his counsel was sent a copy of the amended citation.
 {¶ 4} On January 20, 2006, appellant was arraigned. During the arraignment, the trial judge advised appellant he was charged with "Driving Under the Influence, Marked Lanes, and Following Too Close." At no time during the arraignment did appellant or his counsel seek clarification of or take issue with the alleged ambiguity within the original citation. Instead, appellant pleaded not guilty to the charges and proceeded to waive his speedy-trial rights.
 {¶ 5} On February 6, 2006, appellant filed a "Motion for Bill of Particulars" seeking, among other things, information regarding "[t]he precise Ohio Revised Code section(s), and/or City Ordinance under which the defendant is being prosecuted in the above-captioned matter." The record does not contain any responsive pleadings on the state's behalf; however, on March 9, 2006, appellant filed a motion to suppress evidence obtained from, inter alia, the field sobriety tests administered by the arresting *Page 3 
officer. The record indicates, therefore, appellant was on notice of the charge as early as January 20, 2006 and was clearly aware of the charge at some time prior to filing his motion to suppress.
 {¶ 6} On May 12, 2006, appellant filed a motion to dismiss the traffic citation. Appellant's argument was premised upon (1) the sufficiency of the original citation, (2) the failure of the state to serve appellant and/or counsel a copy of the amended citation, and (3) a violation of appellant's right to a speedy trial on the amended charge. During a final pretrial hearing on June 27, 2006, the trial court overruled appellant's motion to dismiss, stating:
 {¶ 7} "Before we proceed further, I'm going to make a ruling on [defense counsel's] Motion to Dismiss the charge based on the fact that when the ticket was originally prepared and served on Mr. Alley, although it was checked Operating Under the Influence of Alcohol, the code number that was written in was 4511.21.
 {¶ 8} "Shortly after Mr. Alley was served with his copy, apparently the supervisor changed 4511.21 to 4511.19, which would be a correct designation for the offense that was already checked.
 {¶ 9} "At the time that Mr. Alley was arraigned, Judge Plough read the complaint as it was corrected, informed him that he was charged with Operating Under the Influence of Alcohol, and at that time Mr. Alley waived time as to what he was arraigned on at that time. And that time waiver would apply then to everything he was charged with.
 {¶ 10} "Furthermore, at the time that Mr. Alley was taken to be offered the breath test and was read the Form 2255, he was told, `You are under arrest for Operating a Vehicle Under the Influence of Alcohol.' Was given an opportunity to take a breath test *Page 4 
and asked if he understood what was read to him. He signed the form indicating he did understand that.
 {¶ 11} "The Court is going to find that, from all of the circumstances together, Mr. Alley did know that he was charged with Operating a Vehicle Under the Influence of Alcohol and waived time for trial as to that offense, as well as the other offenses with which he was charged with at the time. So the Motion to Dismiss that count is overruled."
 {¶ 12} Appellant subsequently entered a plea of no contest to the OVI charge and the remaining charges were dismissed without prejudice. The trial court found appellant guilty of the charge, sentenced him to 180 days in jail, suspended his driver's license for 6 months, and imposed a $250 fine plus court costs. The trial court suspended 177 days of the jail sentence on the following conditions: appellant would have no alcohol-related traffic offense for 2 years; appellant would complete 72 hours of D.I.P. school; and appellant would not drive until his driver's license suspension was lifted.
 {¶ 13} Appellant now appeals and asserts three assignments of error:
 {¶ 14} "[1.] The trial court erred to the prejudice of the Defendant-Appellant in overruling his motion to dismiss the OVI charge for failure to state an offense.
 {¶ 15} "[2.] The trial court erred to the prejudice of the Defendant-Appellant in overruling his motion to dismiss the OVI charge for failure to issue proper service.
 {¶ 16} "[3.] The trial court erred to the prejudice of the Defendant-Appellant in overruling his motion to dismiss the OVI charge as a violation of the Defendant-Appellant's right to a speedy trial." *Page 5 
 {¶ 17} Each of appellant's three assigned errors challenges the trial court's judgment entry denying his motion to dismiss. When reviewing a trial court's denial of a motion to dismiss we are confronted with a question of law. An appellate court therefore reviews the trial court's decision relating to that motion de novo. State v. Palivoda, 11th Dist. No. 2006-A-0019, 2006-Ohio-6494, at ¶ 4.
 {¶ 18} Appellant's first assignment of error contends the original traffic citation upon which his OVI conviction was premised failed to charge the proper code section and was therefore fatally deficient. According to appellant, a valid traffic ticket must apprise a defendant of the nature of the charge and cite the relevant statute from which the charge is derived. Appellant asserts that if either of these elements is omitted, the ticket must be dismissed upon a timely motion by the defendant. We disagree.
 {¶ 19} We first point out that appellant's assessment with regard to the sufficiency of a traffic citation is generally correct, i.e., "a traffic ticket `* * * will satisfy the legal requirements, if it apprises the defendant of the nature of the charge together with a citation of the statute or ordinance involved. * * *'" Niles v. Antonelli (Feb. 7, 1992), 11th Dist. No. 91-T-4538, 1992 Ohio App. LEXIS 472, *6, quoting,Cleveland v. Austin (1978), 55 Ohio App.2d 215, 220. While both elements are ostensibly necessary, the omission of one or the other is correctable through an amendment to the citation. North Olmstead v.Greiner (1983), 9 Ohio App.3d 158. (holding, where either element is omitted, "the ticket is subject to dismissal upon timely motion unless it is amended to correct the deficiency." Id. at 159.)
 {¶ 20} Here, the original citation failed to charge the proper numerical statutory section. However, on January 18, 2006, three days after appellant's arrest, the citation was filed with the court. In the interim, the original citation was amended to reflect *Page 6 
appellant was charged with OVI in violation of "R.C. 4511.19A1A." Appellant does not contend the amendment itself was improper or procedurally flawed. Accordingly, we believe the citation was sufficient as amended and capable of surviving appellant's motion to dismiss.
 {¶ 21} Further, a traffic complaint, like a felony indictment, is designed to inform a defendant of the charge against which he must defend. See Barberton v. O'Connor (1985), 17 Ohio St.3d 218, 221. Here, appellant was fairly informed of the actual charge by virtue of the language of the original ticket (indicating the charge was a misdemeanor of the first degree and was a result of appellant driving while "under the influence of alcohol/drug of abuse") as well as his plea of not-guilty to OVI at his arraignment. He could therefore prepare and mount an adequate defense to the charge despite the error in the original statutory numerical designation. The Supreme Court of Ohio has held that the misnumbering of a statute in a felony indictment will not invalidate the indictment. State ex rel. Dix v. McAllister (1998),81 Ohio St.3d 107, 108; see, also, Crim.R. 7(B). Although the instant matter involves a misdemeanor, the similar circumstances make the analogy persuasive.
 {¶ 22} Appellant's first assignment of error is overruled.
 {¶ 23} Under his second assignment of error, appellant asserts the trial court erred when it denied his motion to dismiss based upon the state's failure to serve him with a copy of the amended complaint/traffic citation. In support, appellant relies upon Traf.R.3(C) which provides, in pertinent part:
 {¶ 24} "An officer who completes a ticket at the scene of an alleged offense shall not be required to rewrite or type a new complaint as a condition of filing the ticket, unless the original complaint is illegible or does not state an offense. If a new complaint *Page 7 is executed, a copy shall be served upon defendant as soon aspossible." (Emphasis added).
 {¶ 25} Appellant argues the amendment created a "new complaint" for purposes of Traf.R.3(C) and thus the state was required to serve him with a copy "as soon as possible." Because he was never served, appellant concludes the trial court was required to dismiss the citation.[1]
 {¶ 26} We recognize that Traf.R. 3 requires a law enforcement officer to serve a new complaint upon the defendant where a new complaint is executed. Here, we do not believe the amendment to the citation was tantamount to executing a "new complaint." However, even were we to treat the amendment as an execution of a new complaint, we do not believe the state's failure to serve appellant was a fatal procedural flaw. The Supreme Court of Ohio has observed:
 {¶ 27} "The purpose of the Ohio Traffic Rules is, in large part, to ensure `simplicity and uniformity in procedure * * *.' (Emphasis added.) Traf.R. 1(B). Simplicity in procedure does not mean unfairness in procedure, or indifference to the rights of the prosecution or the defense. It means that traffic court procedure is not controlled by the stricter, more elaborate rules that govern procedures in more serious cases. Cf. Youngstown v. Starks (1982), 4 Ohio App.3d 269, 271. Therefore, a complaint prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a *Page 8 
reasonable attempt to understand. Cleveland v. Austin (1978),55 Ohio App.2d 215, 219." O'Connor, supra.
 {¶ 28} While appellant is correct that Traf.R. 3(C) requires a copy of a new complaint to be served upon a defendant, the basic purpose of written notice is to advise the defendant of the charge(s) against him so he may prepare an adequate defense. State v. Campbell,150 Ohio App.3d 90, 2002-Ohio-6064, at ¶ 19; see, also, State v. Jetter (May 21, 1985), 1st Dist. No. C-840568, 1985 Ohio App. LEXIS 6682, *3. We do not feel that strict, technical compliance with Traf.R. 3(C) is necessary where appellant was given sufficient notice of the traffic violation with which he was charged. See, e.g., Jetter, supra.
 {¶ 29} Here, the original ticket indicates appellant was charged with an "M1" OVI as a result of being under the influence of alcohol or a drug of abuse. Five days after his arrest, during his arraignment, the court explicitly advised appellant that he was charged with OVI. Furthermore, if, after or during the arraignment, appellant was still confused or uncertain about the true nature of the charge, he had a duty to engage in a reasonable inquiry to clarify the issue.O'Connor, supra, at paragraph two of the syllabus. No such inquiry occurred and, significantly, neither appellant nor his counsel expressed surprise or incredulity when the court advised appellant of the charges to which he was asked to plea.
 {¶ 30} We hold appellant had sufficient actual notice and had ample time and opportunity to prepare an adequate defense. Therefore, appellant suffered no prejudice from the state's failure to serve him with the amended citation.
 {¶ 31} Appellant's second assignment of error is overruled. *Page 9 
 {¶ 32} Under his third assignment of error, appellant acknowledges he waived his right to a speedy trial under the original citation. However, appellant argues the amendment acted to add a new charge to the complaint and therefore his original waiver was not effective as it related to the amended citation. Thus, appellant concludes, his speedy trial rights were violated in relation to the OVI charge. We disagree.
 {¶ 33} Here, during his arraignment the following exchange took place:
 {¶ 34} "THE COURT: * * * your client has received a copy of the ticket charging him with Driving Under the Influence, Marked Lanes, and Following Too Close. How would you like to plead to that?
 {¶ 35} "[Appellant's counsel]: Not guilty, your honor.
 {¶ 36} "THE COURT: O.K. Would you waive presentation of the rights?
 {¶ 37} "[Appellant's counsel]: We will waive the reading and we will also waive speedy trial."
 {¶ 38} The court explicitly advised appellant of the OVI charge after which appellant pleaded "not guilty" and waived his speedy trial rights. Although it is unclear when the citation itself was specifically amended, it is time-stamped January 18, 2006. We can therefore infer the amendment occurred before the January 20, 2006 arraignment. As such, appellant necessarily waived his speedy trial rights as they relate to the charges in the amended citation.
 {¶ 39} It is worth pointing out that appellant's argument would be unavailing even had he waived his speedy trial rights before the amendment occurred. This is because an amendment to a complaint is conceptually distinct from including new or additional charges within a complaint. That is, speedy-trial requirements applicable to a new or *Page 10 
additional charge must commence with the defendant's arrest and "the waivers and extensions chargeable to the defendant with respect to the original charge cannot apply to the additional charge."Campbell, supra, at ¶ 24. Conversely, "`an amendment of a complaint, unlike the imposition of additional charges, does not create an additional burden on the defendant's liberty interests [and therefore] the speedy-trial waivers and extensions applicable to the original charge apply as well to the amended charge.'" Parker, supra, at ¶ 42, quoting Campbell, supra, at syllabus. Thus, we hold appellant's waiver was effective and applicable to the OMVI charge whether it occurred prior to or after the amendment.
 {¶ 40} Appellant's third assignment of error is overruled.
 {¶ 41} For the reasons discussed above, we hold appellant's three assigned errors lack merit and the judgment of the Portage County Municipal Court, Ravenna Division, is therefore affirmed.
DIANE V. GRENDELL, J., concurs,
[1] As an aside, appellant also argues the trial court should have dismissed the citation because the amendment "changed the name and identity of the charge" in violation of Crim.R. 7(D). However, we believe the amendment at issue merely clarified the charge in light of a clerical error and therefore did not change its name or identity.