DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, State of Ohio ("State"), appeals the judgment of the Oberlin Municipal Court, Lorain County, which granted a motion to dismiss in favor of Appellee, Mark Chesler ("Chesler"). This Court reverses.
 I. {¶ 2} On May 28, 2007, Chesler was charged and served with a complaint for criminal mischief in violation of Oberlin Codified Ordinance 541.04(a)(1). Chesler was arraigned on June 1, 2007, and pled not guilty. The trial court scheduled a pretrial hearing for June 26, 2007, and scheduled the trial date for July 9, 2007. At the June 26 pretrial, a subsequent pretrial was scheduled for July 31, 2007, and Chesler signed a waiver relinquishing his right to a speedy trial. At the July 31, 2007 pretrial, Chesler agreed to continue his speedy trial waiver and the court scheduled an additional pretrial for August 28, 2007. At the August 28, 2007 pretrial, the prosecutor moved to amend the complaint from the original charge to a violation of Oberlin *Page 2 
Codified Ordinance 503.01, advertising on private property. Chesler consented to the amendment, changing the charge from a 3rd degree misdemeanor to a minor misdemeanor. In addition, another pretrial was scheduled for October 9, 2007. At the October 9 pretrial, Chesler filed a motion to dismiss arguing that his right to a speedy trial had been violated. On October 24, 2007, the trial court granted Chesler's motion to dismiss. The State timely appealed.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF HIS SPEEDY TRIAL RIGHTS."
 {¶ 3} The State argues that the trial court erred in finding a violation of Chesler's speedy trial rights, and wrongfully dismissed the action. In support of its argument, the State contends that no additional charges were created when it amended the original complaint against Chesler. Furthermore, the State argues that because no additional charges were brought against Chesler, the original waiver of his right to a speedy trial remained effective as to the amended charge. In addition, the State argues that Chesler waived any objection to the amended charge, and because of that waiver no additional charge was created that would have severed the waiver of his right to a speedy trial. This Court agrees.
 {¶ 4} "In reviewing a trial court's determination of whether a defendant's right to a speedy trial was violated, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact." State v. Auterbridge (Feb. 25, 1998), 9th Dist. No. 97CA006702.
 {¶ 5} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I, of the Ohio Constitution guarantee a criminal defendant the right to a *Page 3 
speedy trial. Klopfer v. North Carolina (1967), 386 U.S. 213, 222-23;State v. O'Brien (1987), 34 Ohio St.3d 7, 8.
 {¶ 6} R.C. 2945.71 acts as an enforcement mechanism to ensure that persons charged with the commission of a felony or misdemeanor are afforded their constitutional right to a speedy trial. State v.Browand, 9th Dist. No. 06CA009053, 2007-Ohio-4342, ¶ 12, citingState v. Pachay (1980), 64 Ohio St.2d 218. R.C. 2945.71 provides the time limits within which a criminal defendant must be brought to trial. Specifically pertinent to the case at hand, R.C. 2945.71(A) provides: "a person * * * against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons." Moreover, "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B).
 {¶ 7} However, "[a]s with other fundamental rights, a defendant can waive the right to a speedy trial." State v. Adams (1989),43 Ohio St.3d 67, 69. Furthermore, "[i]f a criminal defendant does waive the right to a speedy trial * * * the waiver must be done knowingly, voluntarily and intelligently." Id. In addition, "[t]o be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." State v.King (1994), 70 Ohio St.3d 158, syllabus.
 {¶ 8} In the case at hand, the trial court relied heavily onAdams in granting Chesler' s motion to dismiss. Specifically, the trial court found:
 "Defendant cites State v. Adams (1989), 43 Ohio St.3d 67 for the proposition that `When new and additional criminal charges arise from the same facts as did the original charge, and the State knew of such facts at the time of the initial indictment, the time within which the trial is to begin on [the] additional charge is subject to the same statutory speedy trial limitations period that is applicable to the original charge.'" (Emphasis added). *Page 4 
Ultimately, the trial court held:
 "Applying State v. Adams the waivers on June 26, 2007 and July 31, 2007 do not apply to the amended charge. 92 days elapsed between the date the summons was served (May 28, 2007) and the date that the charge was amended (August 28, 2007). The 92 day period was well beyond the 30 day statutory time period for bringing the Defendant to trial on the minor misdemeanor [.]"
 {¶ 9} However, Adams is not applicable in the action before this Court. Here, the amendment to the original complaint did not set forth an additional charge. Rather, the amendment reduced the charge that Chesler was facing from a third degree misdemeanor to a minor misdemeanor. Furthermore, it has been found that "`an amendment of a complaint, unlike the imposition of additional charges, does not create an additional burden on the defendant's liberty interests' [and therefore] the speedy-trial waivers and extensions applicable to the original charge apply as well to the amended charge." State v.Alley, 11th Dist. No. 2006-P-0070, 2007-Ohio-4483, at ¶ 39, quotingMayfield Hts. v. Parker, 8th Dist. No. 80974, 2003-Ohio-1502, at ¶ 42. See, also, Cleveland v. Robinson, 8th Dist. No. 81659, 2003-Ohio-771. Although, for a waiver of rights to a speedy trial to be applicable to subsequent amendments, the amendments must comport with Crim. R. 7(D). See State v. Butt (Aug. 29, 1997), 2d Dist. No. 16215.
 {¶ 10} The relevant part of Crim. R. 7(D) provides:
 "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."
 {¶ 11} However, "[i]t is well-established that the provision of Crim. R. 7(D) is for the protection of the defendant who can waive it."State v. Alvarez, 12th Dist. No. CA2003-03-067,2004-Ohio-2483, at ¶ 13. Moreover, Crim. R. 7(D) is in place so that the "accused can always be aware of the charges he faces and can prepare his defense accordingly." State v. Cook (1987), 35 *Page 5 
Ohio App.3d 20, 23. Here, Chesler was given notice of the State's intention to amend the charge to a lesser offense, and consented to the amendment. In consenting to the amended charge, Chesler effectively waived any protection that would have been provided under Crim. R. 7(D).
 {¶ 12} In the case at hand, Chesler signed an unambiguous waiver of the speedy trial rights afforded to him under both the State and Federal constitutions on June 26, 2007. Chesler then reaffirmed the waiver on July 31, 2007, when he was given the opportunity to withdraw his waiver. Furthermore, the amendment to the original complaint proposed on August 28, 2007, was entered without objection by Chesler and brought no additional charges, but rather reduced the charge he faced. Therefore, because no additional charges were created by the amendment, the holding of Adams is inapplicable and Chesler's waiver remained effective. Accordingly, the trial court erred in granting Chesler's motion to dismiss for being deprived his right of a speedy trial. The State's assignment of error is sustained.
 III. {¶ 13} The State's sole assignment of error is sustained. The judgment of the Oberlin Municipal Court is reversed, and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
DONNA J. CARR FOR THE COURT
SLABY, J. CONCURS