[Cite as *Brecksville v. Bickerstaff*, 2015-Ohio-5410.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102170

## CITY OF BRECKSVILLE

PLAINTIFF-APPELLEE

vs.

## EDWARD E. BICKERSTAFF

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Garfield Heights Municipal Court
Case No. TRD 1407405

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 24, 2015

**FOR APPELLANT**

Edward E. Bickerstaff, pro se
9909 Garfield Avenue
Cleveland, Ohio 44108


**ATTORNEY FOR APPELLEE**

Sergio I. Digeronimo
City of Brecksville Prosecutor
8748 Brecksville Road, Suite 216
Brecksville, Ohio 44141

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Edward E. Bickerstaff ("Bickerstaff"), pro se, appeals from the judgment of the Garfield Heights Municipal Court finding him guilty of violating Brecksville Ordinances ("B.C.O.") 331.27. While Bickerstaff's brief does not set forth specific assignments of error as required by App.R. 16, he generally argues the trial court erred by failing to dismiss his case where his traffic ticket erroneously referenced an incorrect ordinance section.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶3} In July 2014, Bickerstaff was cited in the city of Brecksville (the "City") for failing to change lanes away from a stationary public safety vehicle in violation of B.C.O. 331.27.[1] The traffic ticket issued to Bickerstaff contained a handwritten description that indicated that he "failed to veer left or slow speed passing police cars w/ disabled

---

[1] B.C.O. 331.27(b), which mirrors the language of R.C. 4511.213, states in relevant part:

(A) The driver of a motor vehicle, upon approaching a stationary public safety vehicle, an emergency vehicle, or a road service vehicle that is displaying the appropriate visual signals by means of flashing, oscillating, or rotating lights, as prescribed in section 4513.17 of the Revised Code, shall do either of the following:

(1) If the driver of the motor vehicle is traveling on a highway that consists of at least two lanes that carry traffic in the same direction of travel as that of the driver's motor vehicle, the driver shall proceed with due caution and, if possible and with due regard to the road, weather, and traffic conditions, shall change lanes into a lane that is not adjacent to that of the stationary public safety vehicle, an emergency vehicle, or a road service vehicle.

motorist." However, the numerical citation of the offense was incorrectly written as B.C.O. 337.27, as opposed to B.C.O. 331.27.

{¶4} On the day of the trial, the City notified the court that Bickerstaff's traffic ticket contained an incorrect numerical citation. Following a brief discussion, the court permitted the City to proceed with its case against Bickerstaff for his alleged violation of B.C.O. 331.27. Bickerstaff, who represented himself pro se at the trial, did not raise an objection.

{¶5} At trial, Patrol Officer Paul Leigh ("Officer Leigh") of the Brecksville Police Department testified that while on patrol in his police cruiser he responded to a disabled vehicle on Interstate 77. Officer Leigh stated that he pulled his patrol vehicle behind the disabled vehicle and activated his overhead lights. As Officer Leigh was assisting the disabled vehicle in the right-hand berm, Bickerstaff's vehicle passed by "at a high rate of speed." According to Officer Leigh, Bickerstaff was traveling in the lane directly adjacent to the right-hand berm and he did not attempt to "move over" or "slow down."

{¶6} Based on these observations, Officer Leigh pursued Bickerstaff's vehicle and initiated a traffic stop. Officer Leigh testified that he cited Bickerstaff "for failing to yield or move over passing a public safety vehicle."

{¶7} At the conclusion of trial, Bickerstaff was found guilty of violating B.C.O. 331.27 and fined $100, plus court costs.

{¶8} Bickerstaff now appeals from the trial court's judgment.

## II. Law and Analysis

**{¶9}** In his sole assignment of error, Bickerstaff argues the trial court erred by permitting the City to amend the ordinance section cited on his traffic ticket.

**{¶10}** In traffic cases, the Ohio Uniform Traffic Ticket serves as the complaint and summons. Traf.R. 3(A). This court has previously held that, although a traffic ticket may contain sufficient language to apprise an offender of the nature of the charge, if it does not contain a reference to the correct ordinance or statute violated, it is fatally deficient, unless amended. *Cleveland v. Austin*, 55 Ohio App.2d 215, 380 N.E.2d 1357 (8th Dist.1978); *Cleveland Hts. v. Perryman*, 8 Ohio App.3d 443, 457 N.E.2d 926 (8th Dist.1983); *N. Olmsted v. Greiner*, 9 Ohio App.3d 158, 458 N.E.2d 1284 (8th Dist.1983).

**{¶11}** The Ohio Traffic Rules make no specific provision for the amendment of a ticket complaint. However, they do direct that "the Rules of Criminal Procedure and the applicable law apply" whenever "no procedure is specifically prescribed by these [traffic] rules." Traf.R. 20.

**{¶12}** Crim.R. 7(D), provides in relevant part

> The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.

**{¶13}** Pursuant to Crim.R. 7(D), any amendment resulting in a change in the name or identity of the crime charged is prohibited, regardless of whether the accused can demonstrate prejudice. *Columbus v. Cordova*, 10th Dist. Franklin No. 11AP-602, 2012-Ohio-1812, ¶ 9. Nevertheless, courts have distinguished between modifications

that change the name or identity of the charge and those that correct certain administrative errors, holding "[a] trial court may, pursuant to Crim.R. 7(D), amend an indictment to correct typographical or clerical errors." *State v. Williams*, 10th Dist. Franklin No. 08AP-719, 2009-Ohio-3237, ¶ 12, citing *State v. Alexander*, 10th Dist. Franklin No. 06AP-647, 2007-Ohio-4177, ¶ 43-44. *See also State v. Moore*, 9th Dist. Summit No. 19544, 2000 Ohio App. LEXIS 1698 (Apr. 19, 2000); *State v. Cooper*, 4th Dist. Ross No. 97CA2326, 1998 Ohio App. LEXIS 2958 (June 25, 1998) (noting that "[w]here a traffic ticket/complaint clearly sets forth the offense charged, but contains an error in the numerical designation of the statute the defendant is alleged to have violated, so long as the error does not prejudicially mislead the defendant, such error should be subject to amendment under Crim.R. 7(D)"); Crim.R. 7(B).

{¶14} Because a traffic ticket "is designed to inform a defendant of the charge against which he must defend," a reviewing court must evaluate the information in the complaint to ascertain whether the requested change would deprive defendant of a fundamental due process right to be informed of the charge. *Cordova* at ¶ 13, citing *State v. Alley*, 11th Dist. Portage No. 2006-P-0070, 2007-Ohio-4483, ¶ 21.

{¶15} Thus, this court has held that a traffic ticket may be amended to correct a clerical error so long as (1) the original traffic ticket gave the defendant notice of the true nature of the offense; (2) the defendant was not deprived of a reasonable opportunity to prepare a defense; and (3) the amendment merely clarifies or amplifies the information in

the original ticket.  *Mayfield Hts. v. Parker*, 8th Dist. Cuyahoga No. 80974, 2003-Ohio-1502, ¶ 40.

**{¶16}** Under the particular facts of this case, it is undeniable that the original citation gave Bickerstaff notice of the true nature of the offense; to-wit, describing the offense as the "failure to veer left or slow speed passing police cars w/ disabled motorist." Furthermore, there is nothing in the record to suggest Bickerstaff was deprived of the opportunity to prepare a defense to the charge.  Significantly, Bickerstaff did not object to the correction of the clerical error, and his level of preparation for his pro se defense demonstrated his awareness that he was cited for violating B.C.O. 331.27.  Lastly, we find the amendment simply clarified the information contained on the original traffic ticket.

**{¶17}** Based on the foregoing, we find the amendment herein did not serve to change the identity of the crime charged, but rather, served to amend the ticket so that it correctly designated B.C.O. 331.27 as the statute violated by Bickerstaff's "failure to veer or slow speed" as he passed Officer Leigh's stationary police vehicle.

**{¶18}** Accordingly, we find the court did not err by permitting the City to amend Bickerstaff's citation to correct a clerical error.  Bickerstaff's sole assignment of error is overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
ANITA LASTER MAYS, J., CONCUR