[Cite as *N. Kingsville v. Sullivan*, 2022-Ohio-754.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| VILLAGE OF NORTH KINGSVILLE, | CASE NO. 2021-A-0031 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the County Court, Eastern District |
| ROBERT J. SULLIVAN, | Trial Court No. 2021 TRD 00854 E |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: March 14, 2022
Judgment: Affirmed

*Gary L. Pasqualone,* Village of North Kingsville Solicitor, 302 South Broadway, Geneva, OH 44041 (For Plaintiff-Appellee).

*Robert J. Sullivan,* pro se, 2887 Narrows Road, Perry, OH 44081 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Robert J. Sullivan, appeals from the judgment of the Ashtabula County Court, Eastern District, finding him guilty of speeding, in violation of the Village of North Kingsville Ordinance 333.03. We affirm.

{¶2}   On May 2, 2021, appellant was cited by the Village of North Kingsville police for driving 54 mph in a posted 35 mph zone.  Appellant subsequently filed a motion to dismiss asserting the citing officer failed to complete the written citation upon its issuance. Appellant acknowledged that the officer subsequently amended the ticket by completing the same, but asserted he never received a copy of the amended citation. The village

opposed the motion, arguing that even assuming the citation was not completed in full at the time of its issuance, appellant was on notice of the nature of the offense. As a result, the village maintained appellant could not demonstrate how the alleged omission was prejudicial to his defense. Appellant filed a reply to the village's memorandum in opposition asserting that the original citation was fundamentally insufficient to state a charge because it lacked necessary information, e.g. the nature of the road and traffic conditions. The motion to dismiss was ultimately overruled. Appellant additionally filed motions for discovery, which he claimed went unanswered, and a motion to continue the matter.

{¶3} On the day of trial, appellant objected to the proceedings because he had not received discovery. The village stated it only possessed a video of the officer approaching and engaging appellant on the date of the citation. Appellant claimed he wanted dash-cam footage of the stop. The village noted there was no dash-cam footage and offered appellant the opportunity to review the existing video. Appellant declined the opportunity and stated he wished to "move on with this." After trial to the bench, appellant was found guilty of the charge. He now appeals assigning the following as error:

{¶4} "[1.] The judgment of the trial court is against the manifest weight of the evidence. The trial court committed prejudicial err[or] in determining appellee met its burden of proof of the prima facie case, disregarding appellant's rebuttal of the existing conditions under Ordinance 333.03, and the issuing officer's testimony.

{¶5} "[2.] The judgment of the trial court is against the sufficiency of the evidence. The trial court committed prejudicial err[or] denying appellant's motion to dismiss prior to plea and motion to dismiss complaint. The trial court committed

2

prejudicial err[or] in accepting a ticket-affidavit that is insufficient in form. The trial court committed prejudicial err[or] where there was neither expert testimony to the scientific reliability of the radar used or the court's failure to take judicial notice."

{¶6} Appellant first argues that the state failed to meet its burdens of production and persuasion on the speeding charge because neither the citation, nor the evidence revealed the conditions of the road or the nature of the traffic in the vicinity of the stop. Appellant maintains these points are crucial to whether his speed was reasonable and therefore sufficient for a citation.

{¶7} Initially, we shall address appellant's assertion that the traffic ticket was insufficient as a matter of law. Generally, a traffic ticket is legally sufficient if it apprises the defendant of the nature of the charge along with a citation of the statute or ordinance involved. *State v. Alley*, 11th Dist. Portage No. 2006-P-0070, 2007-Ohio-4483, ¶19, "While both elements are ostensibly necessary, the omission of one or the other is correctable through an amendment to the citation." *Id*. Here, appellant argues the citation was defective because it failed to identify the nature of the conditions of the road and surrounding traffic, if any. While appellant is correct that the original citation failed to address these points, such omissions are not fatal to the citation because it set forth the nature of the charge and the ordinance at issue. Moreover, even if the officer's initial omissions were legally problematic, he amended the citation to include all information on the ticket form. In short, we discern no problems with the sufficiency of the citation.

{¶8} Next, appellant contends the village failed to establish he actually violated the ordinance at issue because there was no credible evidence that appellant's excessive speed was unreasonable in light of the surrounding conditions.

3

Case No. 2021-A-0031

{¶9} North Kingsville Ordinance 333.03 provides, in relevant part:

{¶10} No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

{¶11} At trial, the officer testified that, prior to leaving for patrol on the date in question, he tested his speed radar gun to make sure it was calibrated and working correctly. Upon commencing patrol, he parked in a driveway on a stretch of road with a posted 35 mph speed limit. Appellant passed the officer and the radar registered 54 mph. The officer then pulled appellant over. When asked by the village solicitor whether he believed 54 mph in a 35 mph zone was unreasonable under the circumstances, the officer testified it was. He elaborated:

{¶12} Well, it's a residential neighborhood. Um, I mean, 19 miles-an-hour over a posted speed limit is almost reckless in regard to - - in my - - in my opinion. I mean, that's just the time it would take to see a car stop in front of you, and the process of time it would take is greatly reduced - - your response time for that is greatly reduced.

{¶13} There's actually an intersection on West Center Street by Green Road that has a blind spot [which was near where the stop occurred]; so if somebody was turning westbound from Green Road, I don't know if he would have been able to stop at such a great speed.

{¶14} The officer further noted appellant indicated he was in a hurry to make "Wal Mart deliveries." Because appellant was apparently working and "in a hurry," the officer quickly issued the citation. The officer stated he only filled in the necessary aspects of the citation as a courtesy so appellant could be on his way.

{¶15} Although the officer also testified road conditions were fine and there was moderate traffic (but no traffic between the officer and appellant at the time of the stop),

4

we conclude his testimony was sufficient to establish appellant's speed was not reasonable, given the posted speed limit and other surrounding circumstances.

{¶16} Next, appellant contends that the officer failed to introduce any evidence of the reliability of the radar which was used. Appellant did not challenge this point during trial and, as a result, the reliability of the equipment was not at issue. And, in any event, the officer testified he calibrated the device to ensure its operability and reliability. Further, the officer testified that he was able to confirm visually, in relation to the rest of the flow of traffic, appellant was well in excess of the 35 mph limit. This, unto itself, was additional, credible evidence of appellant's excessive speed.

{¶17} Appellant additionally asserts his due process rights were somehow violated when the trial court denied a motion to continue. He contends that the trial court failed to articulate any basis for its denial. Appellant, however, fails to assert how he was prejudiced by the trial court's denial. This basic point, in light of his concession on the day of trial that he wanted to move forward with the proceedings, are sufficient for denying a continuance.

{¶18} Because we perceive no fatal defect in the charging instrument at issue and there was sufficient, credible evidence to support appellant's conviction, appellant's assigned errors are without merit.

{¶19} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court, Eastern District, is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

5

Case No. 2021-A-0031